SUBURBAN DEVELOPMENT COMPANY *v.* WASHINGTON AND LEE UNIVERSITY.

No. 11926. NOVEMBER 10, 1937. REHEARING DENIED DECEMBER 8, 1937.

*Spence & Spence,* for plaintiff.
*McElreath, Scott, Duckworth & DuVall,* for defendant.

HUTCHESON, Justice. Suburban Development Company, hereinafter referred to as the debtor, brought suit in equity against Washington and Lee University, hereinafter referred to as the creditor, for the purpose of enjoining a sale of certain property under power of sale contained in a security deed executed by the debtor to the creditor. The sole ground alleged for enjoining the sale was that the creditor had made the loan to the debtor on con-

dition that the debtor purchase certain property belonging to the creditor, the purchase-price of the property ($18,000) being included in the amount of the loan ($38,000). It is contended by the debtor that the loan, to the extent of the purchase-price of the property from the creditor, is usurious. Parts of the property conveyed to secure the loan were lots in a subdivision owned by the debtor; the other part was the property purchased by the debtor from the creditor. Copies of the application for loan, the contract of loan, and a supplemental contract were attached to and made a part of the petition. The contract of loan, "in order to better secure" the indebtedness, provided for a method of sale of the lots in the subdivision, and for disposition of the proceeds of such sales. Upon the sale of any lot 20 per cent. of the purchase-price was to be retained by the debtor, and the notes representing the remaining 80 per cent. of the purchase-price were to be transferred and assigned to the creditor, and deposited in a named bank for collection. All the proceeds of the notes, less 10 per cent. agreed to be paid to the debtor for looking after the collections, were to remain the property of the creditor until the loan should be paid in full, the bank to hold the proceeds of the collections until each semi-annual interest instalment of the loan became due, at which time the bank was to apply all funds in its hands (1) to the payment of the interest coupon then due; (2) the balance to be paid over to the creditor "and credited on the principal note." Subsequently to the original loan the debtor procured an additional loan of $3,582.79, for the purpose of having certain paving laid in the subdivision of the debtor. A supplemental contract was then entered into, which reduced the amount to be retained by the debtor from the purchase-price of lots from 20 to 15 per cent., and provided that notes representing 85 per cent. instead of 80 per cent. of the purchase price be deposited with the bank. The supplemental contract further provided: "(2) It is hereby expressly agreed that the ten per centum (10 %) of the collections on notes taken for lots sold, or which may be hereafter sold in said subdivision, provided by said contract" of loan "to be paid to the" debtor "as his compensation for the collection of said notes, shall not be paid over to the" debtor, "but shall be applied by the" creditor: "(1) To the payment of taxes on the property covered by said deed to secure debt held by the" creditor. "(2) The

remainder, if any, to the payment of insurance on the buildings located on said property, provided, however, that in the event said 10 % is not sufficient to pay said taxes and said insurance, this provision shall not impair the right of the" creditor "to declare a default, and to exercise any of the remedies provided in said deed to secure debt, for failure to keep the premises insured and to pay taxes provided in said deed to secure debt, it being incumbent upon the" debtor "to supply such additional funds as may be necessary for payment of said insurance and taxes."

The petition of the debtor alleged that approximately the sum of $5,500 had been received by the creditor as proceeds from the collection of the notes and that the debtor did not owe any taxes and insurance because of the provisions in the supplemental contract providing for the payment of taxes and insurance out of the proceeds of collections on the notes. Upon a previous hearing the court overruled general demurrers to the petition and the creditor excepted. This court reversed the ruling of the superior court (*Washington and Lee University* v. *Suburban Development Co.,* 183 *Ga.* 130, 187 S. E. 647), holding in effect that the petition failed to allege the amount of the taxes and insurance, or that the moneys paid to the creditor under the supplemental contract were sufficient to pay such taxes, and for this reason failed to show that the loan was not in default by reason of the acceleration of the maturity thereof upon default of payment of taxes and insurance, and, no tender of the amount thus due being made or alleged, that the petition failed to set forth a cause of action. Before the remittitur from this court was made the judgment of the superior court the debtor amended its petition and alleged the amount of the taxes which had accrued and the amount of the insurance, admitted that some of the taxes were still unpaid, but alleged that the sums collected on the notes were sufficient to pay the same. The debtor seems to be under the impression that all of the sums collected on the notes were, according to the terms of the supplemental contract, to be applied to the payment of taxes. In this the debtor is mistaken. The supplemental contract provides only that the 10 per cent. previously paid to the debtor as compensation for collecting the notes be applied to the payment of taxes. There is no allegation in the amendment showing what this 10 per cent. amounted to, or that such 10 per cent. would be sufficient to pay

the taxes admittedly accrued only on the subdivision property. (Debtor contends it is not obligated to pay taxes on the property purchased from the creditor.) If it be assumed that all the moneys allegedly collected and turned over to the creditor were collected after the supplemental agreement, 10 per cent. of such amounts would still be insufficient to pay such taxes admittedly accrued, some of which still remain unpaid. It follows that under the facts as alleged in the amendment, and the previous ruling of this court, the petition as amended fails to allege a cause of action, and the court did not err in sustaining the general demurrer and in dismissing the action. *Judgment affirmed. All the Justices concur.*