---

## WILLIAMS et al. v. FOUCHÉ.

1. One who seeks rescission of a contract on the ground of fraud must restore, or offer to restore, the consideration received thereunder, as a condition precedent to bringing the action; and a petition which fails to allege restoration or offer to restore before institution of the suit is demurrable.
2. An allegation in the bill of complaint, that the plaintiff is ready to deliver up and surrender the consideration received by him under the contract, is not sufficient.

No. 3796.     JANUARY 16, 1924.

Equitable petition. Before Judge Custer. Dougherty superior court. May 5, 1923.

*Claude Payton* and *Pope & Bennet,* for plaintiffs in error.

*Lippitt & Burt,* contra.

HINES, J. 1. The plaintiff brought his action to rescind a contract under which he purchased from the defendant Williams fifty shares of the capital stock of the defendant Eureka Lumber Company, on the ground of alleged false and fraudulent representations made by Williams to induce him to purchase said stock, on which he relied in buying the same, and by which he was deceived and defrauded. He further sought to recover certain property

given by him to Williams in part payment of the purchase-money for said stock, and to cancel his note given in part payment therefor. The petition alleges that the plaintiff is the owner and is in possession of said fifty shares of stock. There is no allegation in the petition that the plaintiff restored, or offered to restore, said stock to the selling defendant before instituting this suit for rescission; and there are no equitable reasons given by plaintiff for his failure to do so. The petition does allege that the plaintiff is ready to deliver up said stock to Williams. The defendants demurred to the petition on the ground, among others, that there are no facts set forth therein which would authorize the relief prayed. The court below overruled the demurrer. To this judgment these defendants excepted pendente lite, and assign error on these exceptions in the bill of exceptions in this case. These defendants insist that the petition makes no case for rescission, because it fails to allege that on the discovery of the fraud for which he seeks to rescind the contract, and before bringing this action, he offered to restore to the seller these shares of stock which he received by virtue of the contract.

The Civil Code (1910), § 4305, declares: "A contract may be rescinded at the instance of the party defrauded; but in order to the rescission he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." When must this restoration or offer to restore be made? Must it be made before the institution of suit for rescission, and is it a condition precedent to the right to bring such action? Is an offer to restore made for the first time in the petition for rescission and cancellation sufficient? On reason and principle it would seem that the offer to restore should be made before suit for rescission and cancellation is brought. The party who is charged with the fraud should be given an opportunity to redress the wrong before being subjected to a suit for rescission. He might be willing, without suit, to give back to the complaining party what he received under the contract, and to take back from such party what the latter received from him thereunder. This would end the controversy and save litigation. We think that the rule requiring one who seeks the rescission of a contract on the ground of fraud to restore, or offer to restore, the consideration received, as a condition pre-

cedent to bringing the action, is settled in this State. *East Tennessee &c. Ry. Co.* v. *Hayes*, 83 *Ga.* 558 (10 S. E. 350) ; *Strodder* v. *Southern Granite Co.*, 94 *Ga.* 626 (19 S. E. 1022) ; *Bowden* v. *Achor*, 95 *Ga.* 243 (14), 263 (22 S. E. 254) ; *W. & A. R. Co.* v. *Burke*, 97 *Ga.* 560 (25 S. E. 498) ; *Strodder* v. *Southern Granite Co.*, 99 *Ga.* 595 (27 S. E. 174) ; *W. & A. R. Co.* v. *Atkins*, 141 *Ga.* 743 (82 S. E. 139). An offer to restore, made for the first time in the bill of complaint, is not sufficient. *Cabaniss* v. *Dallas Land Co.*, 144 *Ga.* 511 (1a) (87 S. E. 653). There are exceptions to this general rule based upon equitable reasons. *Timmerman* v. *Stanley*, 123 *Ga.* 850 (51 S. E. 760; 1 L. R. A. (N. S.) 379) ; *White* v. *Sikes*, 129 *Ga.* 508 (59 S. E. 228, 121 Am. St. R. 228) ; *Collier* v. *Collier*, 137 *Ga.* 658 (3) (74 S. E. 275, Ann. Cas. 1913A, 1110). But this case does not fall within any of these exceptions. While there are conflict and confusion in the cases upon this subject, the general rule stated above is in accord with the majority and weight of authorities. *McCulloch* v. *Scott*, 13 B. Mon. (Ky.) 172 (56 Am. D. 561) ; *Bell* v. *Campbell*, 123 Mo. 1 (25 S. W. 359, 45 Am. St. R. 505) ; 82 Am. St. R. 221, note; 85 Am. St. R. 21, note; *Thayer* v. *Turner*, 8 Metcalf, 550; 4 R. C. L. 513, § 25; 9 C. J. 1213, § 104. For the above reason, the petition in this case was demurrable, and the court erred in not sustaining the demurrer.

2. As the demurrer to the petition should have been sustained, the subsequent trial of the case was nugatory; and it is unnecessary for us to pass upon any errors alleged to have been committed by the court on the trial of the case.

*Judgment reversed. All the Justices concur.*