DARNELL *v.* TATE *et al.*

No. 9277. JUNE 16, 1933. REHEARING DENIED JULY 12, 1933.

284

*Watkins, Asbill & Watkins,* for plaintiff.

*Tye, Thomson & Tye,* for defendants.

PER CURIAM. (After stating the foregoing facts.) It appears that all of the personal property of the estate of Stephen C. Tate was bequeathed to his nine children in fee simple. The plaintiff therefore took no interest, under the will of his grandfather, in any of the personal property, but his mother, Mollie E. Darnell, who lived more than ten years after the testator died, thus became the owner in fee of one ninth of the personal property left by the testator. Presumably Mrs, Darnell received her portion of the per-

sonalty left by her father before her death. Even if she did not receive her share of the personal property and did not ratify the disposition thereof, any cause of action which might arise as to this personal property would be in her administrator, and the plaintiff as one of the heirs at law of Mrs. Darnell would have no right individually to sue for any portion of the personal property belonging to his mother under the will of his grandfather.

As to the real estate owned by the testator, it will be seen from the will that it authorized the sale by the executors, in their discretion, of any land belonging to the testator not located in Pickens County, and gave to testator's children who might be in life at the date of such sale a fee-simple title to their pro rata part of the proceeds. Thus it appears that if any such real estate was sold during the lifetime of Mrs. Darnell, the proceeds of such sale belonged to her in fee simple, and constituted no part of the plaintiff's share in his grandfather's estate. Also that the real estate located in Pickens County, Georgia, was leased to the Georgia Marble Company at the time of testator's death, and that the lease will not expire until 1934. Under the provisions of the will all of this real estate in Pickens County was to be held by the executors as long as any one of testator's children was in life, and vested the legal title in such grandchildren of the testator as might be in life at the time of the death of the last one of testator's surviving children. It thus appears that plaintiff's claim to any interest in the real estate of testator in Pickens County at the time he executed a deed to his uncle, Samuel Tate, was either contingent, or was vested subject to be divested if the plaintiff should die before the death of the last survivor of testator's children. The only other item of the estate consisted of the income from the real estate while it was being held by the executors under the will, pending a final disposition of the estate; and the plaintiff, at the time he executed the deed to his uncle, was entitled to a one-eighteenth part of the income, and his right to continue to share in the future income would be contingent upon his remaining in life. He alleges that from the date of the death of his mother until the time he executed the deed to his uncle, Samuel Tate, the executors paid him from the income of the estate about eight hundred dollars a year. The plaintiff has had no settlement with the estate of Stephen C. Tate, for the reason that he sold his entire interest therein to Samuel Tate, his uncle. He had

no interest in the personal property belonging to the estate of Stephen C. Tate, such as bank stock, live stock, etc., for the reason that Stephen C. Tate by his will left all of his personal property to his nine children in fee simple, and plaintiff's mother had an interest in the personal property absolutely in fee simple. If the plaintiff had an interest in the personal property of the estate of Stephen C. Tate, it was in such property as his mother received and owned at the time of her death, in which event his claim would be as an heir at law of his mother, and not as a legatee under the will of his grandfather; and his suit, if any, should be against his mother's administrator or executor.

In *Smith* v. *Turner,* 112 *Ga.* 533 (37 S. E. 705), it was held that "Neither an heir at law of a person deceased nor his guardian can maintain an action for the recovery of personalty which had belonged to the decedent and which during his life was wrongfully converted by another to his own use." At one time the plaintiff had a certain interest in the real estate in Pickens County, but he sold it in 1922 to his uncle, Samuel Tate, and executed a deed thereto. When he executed this deed he was thirty-six years of age. The real estate was doubtless known to him, for it was described with accuracy; and if it was not known to him, it was negligence on his part not to acquire that knowledge and also the value of the real estate sold. Having had no settlement with the executors of his grandfather's estate, the plaintiff had no cause of action against them because of any misrepresentations by *them.* He asserts no claim against the executors because of any concealment of facts, and he has no right to an accounting from the executors until the deed which he executed to Samuel Tate has been set aside. The law requires annual returns to be made by executors, and the presumption is that they did make proper and correct returns to the court of ordinary, and there is no allegation that they failed to do so. It is alleged that no *appraisal* of the estate was made; but it will be observed that the will expressly relieved the executors from doing this. Stephen C. Tate, the testator, was disposing of his estate by will, and he had the right to relieve the executors from making any appraisal of it, it he saw fit.

But the controlling question in the case is whether the petition sets out a cause of action in favor of the plaintiff against Samuel Tate, for cancellation of the deed from himself to Samuel Tate.

His grounds for cancellation of the deed, construing general and sweeping charges of fraud together with the specific acts alleged, are: (1) that Samuel Tate told him, at the time the deed was executed, that the estate owed plaintiff nothing; (2) that he has found out recently that Samuel Tate in 1931 estimated the real estate to be worth six million dollars, and that in 1926 or early in 1927 Samuel Tate "stated that the estate of Stephen Tate was worth six million dollars." While it is true that where parties bear confidential relations one to the other, there must be the utmost fairness and good faith in their dealings, and while it is true that the grantee in the deed from the plaintiff was one of the executors of the estate and was also a legatee, it is to that extent only that confidential relationship existed between the grantor and the grantee, and there is no such allegation of fraud on the part of the grantee as would void the deed executed by the plaintiff in this case. The allegations are vague and indefinite, and they do not state facts which would render the transfer of the title from the grantor to the grantee void.

The prayers of the petition are for the cancellation of the deed by plaintiff to Samuel Tate and the lease of the marble contained in the real estate to the Georgia Marble Company; and for an accounting against the executors. The record shows that at the time that the plaintiff executed the deed to Samuel Tate he was thirty-six years of age; and while it is alleged that he was ignorant of the real condition as to the value of the lands conveyed, and that he had little or no experience in business matters, it can not be held that one who has attained that age in life, and laboring under no mental or physical disabilities, and executes such conveyance upon a consideration of more than $26,000 besides the annual payment of profits made from the use of the estate, is so inexperienced as that he can not be held to know what his rights were when he executed the deed.

It is insisted that the re-lease of the marble to the Georgia Marble Company was illegal, because it was made before the expiration of the old lease, but it will be observed that the will expressly provided for the re-lease of the marble to the Georgia Marble Company; and having the authority to make the lease, it can not be held that the lease is void merely because its date was prior to the expiration of the present lease. Had the executors waited until the expiration of

the present lease, to make a new lease, they would not have been able, in all probability, to secure as good terms for such lease as where they made a new lease in advance of the expiration of the old lease. Certainly the executors would have some discretion in executing a lease which in their judgment was for the best interest of the estate. Whether the terms agreed on in the new lease were good or bad is merely a matter of speculation; and a lease can not be declared void unless something definite is alleged to show that the executors have abused their discretion in making the new lease, and that such lease was to the damage and injury of those who are interested as legatees under the will of the testator.

This case sounds in equity, and before the plaintiff can have equity he must do equity. Before he can have the deed canceled he must tender the amount which he received from the grantee in the deed, and this he has not done. He alleges that if on an accounting it is shown that anything is due him, he tenders that to the grantee in the deed. But a tender, in order to be effectual, must be an unconditional tender, and there is no unconditional tender made in the present case, but it is contingent upon whether the plaintiff is entitled to recover anything upon an accounting. Civil Code (1910), § 4305; *Williams* v. *Fouché,* 157 *Ga.* 227 (121 S. E. 217); *Henderson* v. *Lott,* 163 *Ga.* 326, 335 (136 S. E. 403); *Manget* v. *Cunningham,* 166 *Ga.* 88 (142 S. E. 543).

In the light of all that has been said; it can not be held that the court erred in sustaining the demurrer and dismissing the case.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurring specially. I readily agree to the judgment sustaining the general demurrer, but I can not concur in what is said in the successive steps by which the result is reached.