WARDLAW, executor, *et al. v.* WOODRUFF *et al.*

No. 9552. November 10, 1933. Rehearing denied January 18, February 24, 1934.

*Gilbert C. Robinson* and *Hatcher & Hatcher,* for plaintiffs.
*Foley & Chappell* and *Love & Fort,* for defendants.

HILL, J. In 1915 W. E. Wardlaw borrowed from C. R. Johnson $6000, and to secure the loan executed five notes for $1200 each, maturing yearly over a period of five years, and secured the loan with a deed conveying two hundred acres of land in Muscogee County. Through successive assignments the security deed and notes were held and owned by George C. Woodruff in 1926. Prior to the execution of the security deed W. E. Wardlaw had a homestead set apart to him in the land described. Wardlaw died in 1922, and his widow, the sole surviving beneficiary under the homestead, died in 1916. Wardlaw paid one note for $1200 in 1916, and since that date nothing has been paid on the debt. In November, 1931, George C. Woodruff proceeded to advertise the land for sale; whereupon Albert F. Wardlaw and others, as executors of the will of W. E. Wardlaw, deceased, and as his heirs at law, filed a petition for injunction, cancellation of the security deed, etc. The court dismissed the petition on general demurrer. The plaintiffs sued out a writ of error to the Supreme Court, which affirmed the judgment. *Wardlaw* v. *Woodruff*, 175 *Ga.* 515 (165 S. E. 557). In this case no supersedeas was granted, and in January, 1932, Woodruff sued out a dispossessory warrant against Albert F. Wardlaw, after having the land sold and bidding it in. Wardlaw, together with the same parties in the prior proceedings, then filed a petition in equity to enjoin the eviction of Wardlaw, for cancellation of the security deed, and for other relief. On demurrers to the petition the court passed an order reciting that there had been no valid tender of the money admitted by the plaintiffs to be due on the debt; that the plaintiffs were given until January 10, 1933, to tender or to pay into the registry of the court the amount admitted to be due; and that unless this was done by noon on the date named, the demurrer would be sustained and the petition dismissed. No further tender was made, and the court by final order dismissed the case. To this judgment the plaintiffs excepted.

The petition sets up as grounds for cancellation of the security deed a number of reasons urged in the former suit (175 *Ga.* 515, supra); and further, that, in the consummation of the original loan to W. E. Wardlaw, deceased, O. C. Bullock charged ten per cent. of the amount of the loan as commission, and this infected the loan with usury which voided the title and the security deed; that the fact of this commission having been charged and paid

was not known to the plaintiffs at the time of the trial in the former suit, and could not have been ascertained by the exercise of diligence; that prior to the sale referred to the petitioners offered to pay to Woodruff $4800 principal, plus 8 per cent. per annum simple interest, which he refused, and demanded the principal plus 8 per cent. per annum compounded annually, which petitioners refused to pay, for the alleged reason that the demand was violative of the interest provisions incorporated in the notes. By amendment it was alleged that "said tender was made on the 27th day of November, 1931, in open court and during the hearing of the interlocutory injunction of the former suit; . . that the actual money was not exhibited and physically presented to the said defendant, for the reason that the tender and offer were refused, and further tender was thereby waived."

In *Wardlaw* v. *Woodruff* (supra) it was held that a contract to pay 8 per cent. interest per annum semi-annually, with interest on the semi-annual payments of interest due, does not constitute usury. In the present case it is further alleged, as showing that the transaction was infected with usury, that a commission of ten per cent. on the principal sum of $6000 was charged and paid. In the case tried on the first injunction proceeding the plea of usury was raised and passed on, and the ruling of the trial court thereon was affirmed by the Supreme Court. This ground of attack could and should have been made in the prior case. Civil Code (1910), § 5943; *Haynes* v. *Armour Fertilizer Works,* 146 *Ga.* 832, 834 (92 S. E. 648), and cit.

The trial judge, in his ruling on the demurrers in the present case, states: "It will be observed by reference to the amendment, . . that it is alleged by the petitioners that a tender was made in the former suit herein referred to in this order, and that the tender was refused. It is nowhere alleged in the present suit . . that a tender or an offer to pay the amount admitted to be due George C. Woodruff has been made since the alleged tender in the former suit; and the only reference to the tender was in a former suit which has been adjudicated by the decision hereinbefore referred to, by the Supreme Court of Georgia." The court further allowed the plaintiffs time within which to pay into the registry of the court the amount admitted by the plaintiffs to be due; failing which the court made a final order dismissing the peti-

tion. In *Barnett* v. *Terry*, 42 *Ga*. 283, 288, it was said: "When tender is set up in bar of an action pending, the court may call on the party tendering to pay the money into court. It is an admission of so much money due; and if the party relies on it as a plea to release him from interest, it is not error to call on him to comply with his offer, for the plea sets up he is then and has been ready to pay that sum admitted to be due. If he desires advantage from it, he must be ready to perform when called on by the court." In *Brantley* v. *Wood*, 97 *Ga*. 755, 759 (25 S. E. 499), it was said: "We do not now decide whether the plaintiffs were or were not entitled to an injunction under the evidence submitted. But assuming that they were, the court very properly required, as a condition precedent to the granting of this relief, that they should first pay the principal and interest legally due on the debt secured by the mortgage. This requirement rests upon the time-honored maxim that 'he who seeks equity must do equity.'" In this case on the former occasion it was held: "Before a borrower who has executed a deed infected with usury can have affirmative relief, such as injunction to prevent exercise of the power of sale by the grantee in such security deed, he must pay or tender to the grantee the principal sum due." 175 *Ga*. 515, 517, supra, and cit. The judge did not err in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

PER CURIAM. The plaintiffs claimed to be entitled to certain equitable relief because of an exaction of usury alleged to have been discovered since the filing of a prior suit against the same defendant with respect to the same subject-matter, contending that they were ignorant of this matter at the time of filing the prior suit, and could not have discovered the facts by the exercise of ordinary diligence. The plaintiffs were not entitled to the equitable relief prayed for on the ground of usury which they claimed to have discovered since the first petition was filed, without paying or offering to pay the amount of principal together with lawful interest in accordance with the valid terms of the contract, unless the pleaded facts disclosed that a tender would have been useless in the circumstances. The petition alleged that the plaintiffs tendered a certain amount before the filing of the present suit, and that the tender was refused. It is clear from the allegations as amended, how-

ever, that the tender here referred to was made before the filing of the prior suit. The contention now made as to usury is based upon the alleged discovery that the original lender reserved the sum of $600 as a commission, which could only amount to usury. Since the plaintiffs now allege that they did not know of this circumstance until after judgment in the former litigation, and since the defendant is a transferee, it is a necessary inference that the tender made before the filing of the present petition and the refusal thereof were as to each party based upon the contentions then made, namely, that the notes and not the security deed should govern the amount of interest, and that the charge of interest according to the terms of the security deed was usurious. It was upon these contentions and these alone that the difference arose with respect to interest and usury and the amount of the indebtedness. The instant petition as amended shows upon its face that no other tender was ever made by the plaintiffs, and that none of the parties had in mind the item of $600 alleged to have been been reserved as a commission at the time the plaintiffs tendered a certain amount and the defendant refused the same. In other words, nothing was done in the way of tender or a refusal of tender after the alleged discovery of this item. Accordingly, the legal consequences which should flow from the only tender and the only refusal alleged to have been made must be determined in the light of the contentions and circumstances existing at the time. It would be improper to burden the defendant's refusal with implications which could not arise before knowledge of the present contention with respect to usury. When it is recalled that at the time the tender was made, the plaintiffs had made no contention with respect to usury except as to the manner in which the interest was calculated, do the allegations with respect to such tender and the refusal thereof disclose that a tender would have been useless in view of the alleged subsequent discovery as to usury? If so, a further tender was unnecessary; otherwise, a new and additional tender should have been made before the commencement of the present suit. The amount tendered merely included interest calculated in accordance with the notes; whereas, with respect to the sole contention made by the plaintiffs at that time, the amount of interest due was to be determined by the language of the security deed, considering that instrument and the notes executed in connection therewith as con-

stituting a single contract. Upon a fair construction of the plaintiffs' allegations, it is apparent that the tender was refused because interest was calculated in accordance with the notes instead of by the terms of the security deed, and was thus in a lesser amount than that required by the contract. The tender and refusal being limited in their implications by the circumstances of that transaction, the petition does not show such conduct and attitude on the part of the defendant as to lead to the inference that the defendant would not have accepted the proper and lawful amount in view of the new contention as to usury. On the contrary, it is apparent that the defendant's refusal was a mere rejection of the defendant's contention that, as between the notes and the security deed, the latter should control with respect to the amount of interest. It follows that a tender of the lawful amount of principal and interest, in view of such later contention, was not excused, and the same should have been made before the filing of the present petition, it not appearing that such a tender would have been declined. Cf. *Tolbert* v. *Short,* 150 *Ga.* 413 (104 S. E. 245) ; *Miller* v. *Watson,* 139 *Ga.* 29 (2) (76 S. E. 585). Under the allegations and prayers in *Mayer* v. *Waterman,* 150 *Ga.* 613 (104 S. E. 497), which included a prayer for an accounting, it was held that a formal tender to the defendant was unnecessary, the plaintiff having offered to do full and complete equity by repaying the full amount due together with interest and taxes. That case was materially different on its facts from the case at bar, and is not authority for the contention here made. This conclusion renders it unnecessary to consider any further contention with reference to the alleged exaction of usury which was in part made the basis of the present petition.

It is contended that the trial court as well as this court took into consideration the judgment of affirmance in *Wardlaw* v. *Woodruff,* 175 *Ga.* 515 (165 S. E. 557), whereas the present suit was filed before the rendition of that judgment; and that in no event was it proper for the court to go beyond the allegations made in the present case in considering the petition on demurrer. Even if the plaintiffs are correct in this contention (cf. *Sims* v. *Etheridge,* 169 *Ga.* 400 (2), 150 S. E. 647), it is still apparent from what has been said above that the petition now under consideration failed to state any sufficient ground for equitable relief as regards the question of usury. The cases cited in the former decision are sufficient au-

thority for the proposition that the plaintiffs did not tender the correct amount of interest, as applied to the contentions then urged.

Moreover, we may consider the other grounds of the motion for rehearing without reference to the former decision by this court. The plaintiffs contend that the sale under the security deed was void as having ·been made during the pendency of litigation and under circumstances which tended to chill the bidding and prevent the property from bringing its market value; and the decision in *Plainville Brick Co.* v. *Williams,* 170 *Ga.* 75 (152 S. E. 85), is relied on as supporting this contention. In that case a creditor claiming a materialman's lien filed suit to restrain the exercise of a power of sale with reference to the real estate upon which the lien was claimed, and the court granted a rule nisi calling upon the grantee in the security deed to show cause on a date stated why an injunction should not be granted and why a receiver should not be appointed. In the meantime the grantee continued the advertisement and sold the property in advance of any decision or judgment by the court upon the petition. While this court did not expressly decide the merits of the petition originally filed in that case, it was apparent that a valid cause of action was stated therein. See *Mitchell* v. *West End Park Co.,* 171 *Ga.* 878 (156 S. E. 888). In these circumstances it was held to be an unfair exercise of the power of sale to cause a sale to be made pending the litigation and before any judgment or decision was rendered upon the petition. It is contended here that while the property was being advertised for sale the plaintiffs applied for an injunction, and that, the petition having been dismissed on general demurrer, the defendant proceeded to sell the property at the time stated in the advertisement, which sale it is insisted was void for the reason that the plaintiffs presented a bill of exceptions for the purpose of bringing the case to the Supreme Court, and the prior injunction suit had therefore not been disposed of, but constituted a lis pendens which placed the world upon notice of the contentions made by the plaintiffs in that suit, and tended to discourage prospective bidders and to make it impossible that the property would bring its full value. It affirmatively appears from the present petition that the former suit was dismissed on general demurrer, and that no supersedeas was granted. The dismissal of

the former suit on general demurrer constituted an adjudication that the petition failed to set forth a cause of action; and we may stop here without considering the decision in *Wardlaw* v. *Woodruff*, supra. If a party files an injunction suit to prevent the exercise of a power of sale, and his petition fails to set forth a cause of action, he can not afterwards claim that the holder of the security deed has unfairly exercised the power merely because he sold the property pending the litigation; otherwise a party could virtually obtain an injunction against the exercise of such a power merely by the institution of a perfectly blank suit, on which an injunction could not rightfully be granted by any court; or, in other words, he could thus by indirection obtain all the benefits of an injunction which the court actually refused and properly refused. If by the filing of such a petition prospective bidders should be deterred and the property fail to bring its market value, the result would be the fault of the plaintiff in filing an unmeritorious petition, and could not be attributed to any unfairness in the opposite party, who merely exercised the power of sale as conferred by the contract, as he had the right to do unless there was something more in the way than a mere unauthorized interference by the party seeking the injunction. If such were not the law, a party could by continued and repeated litigation forever prevent the exercise of a valid power of sale, even though he might never be able to state a cause of action for restraining the same.

Without tracing the former litigation beyond the judgment of the superior court, the dismissal of the petition on general demurrer constituted an adjudication that the original petition was without merit, and it does not appear from the petition under consideration that that judgment was ever reversed, or that it should have been. In view of that adjudication, it is immaterial that the court may have stated terms of supersedeas which the plaintiffs in error deemed to be improper and which they were unable to meet. The court was not bound to grant a supersedeas at all in such a case; and if the original judgment was correct, the sale was not invalid or improper, where a supersedeas was not in fact granted. *Tift* v. *Atlantic Coast Line R. Co.*, 161 *Ga.* 432 (6) (131 S. E. 46), and cit.

Although the security deed which contained the power of sale was under seal, this fact did not make it necessary that transfers

and conveyances of the indebtedness and the security should also be under seal. *Atlanta, Knoxville &c. Ry. Co.* v. *McKinney,* 124 *Ga.* 929 (5) (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215); 49 C. J. 1288, § 119. The situation is different from that in which an agent attempts to execute an instrument under seal, where his appointment was not so made. *United Leather Co.* v. *Proudfit,* 151 *Ga.* 403 (107 S. E. 327). "Where a security deed provided that upon default in the payment of the indebtedness the grantee or assigns might sell the property at public outcry under certain conditions specified, a person who thereafter acquired the title to the property as conveyed by the security, and who also became the owner of the indebtedness secured thereby, succeeded to all of the rights of the original grantee, together with all remedies for enforcing the same, including the power of sale." *Universal Chain Theatrical Enterprises* v. *Oldknow,* 176 *Ga.* 492 (168 S. E. 239).

Without specific reference to other grounds of the motion for rehearing, all contentions therein made have been carefully considered, and are deemed to be without merit. The request for oral argument of the motion for rehearing is denied, and the motion itself is denied.

*Rehearing denied. Beck, P. J., and Atkinson, Gilbert and Bell, JJ., concur. Russell, C. J., dissents.*