WASHINGTON AND LEE UNIVERSITY *v.* SUBURBAN DEVELOPMENT COMPANY.

HUTCHESON, Justice. Where one brings a petition in equity seeking to enjoin a sale under power contained in a security deed given pursuant to a contract of loan, which deed provides that in the event the grantor fails to pay taxes and insurance on the property conveyed the loan may be declared due, alleging as grounds of injunction that the loan is usurious and that he does not owe any past-due taxes or insurance, because it is provided in the contract that certain moneys paid thereunder shall be applied to the payment of taxes and insurance, which contract also provides that in the event said moneys are not sufficient such provision shall not impair the right of the grantee to declare a default for the failure to keep the premises insured and to pay taxes thereon, and the petition prays for an accounting as to the proper application of said moneys, and offers to pay whatever sum may be found owing at the original due date of the loan, which is at a future time, but does not allege the amount of taxes and insurance or that the moneys paid were sufficient to pay the same, the petition fails to show that the loan is not in default; and there being no tender or offer to pay whatever sum might be found to be due in the event of default, the petition fails to set forth a cause of action. *Wardlaw* v. *Woodruff,* 178 *Ga.* 240 (173 S. E. 98); *Liles* v. *Bank of Camden County,* 151 *Ga.* 483 (107 S. E.

490), and cit. It follows that the court erred in overruling the demurrer to the petition. *Judgment reversed. All the Justices concur.*

No. 11429. SEPTEMBER 19, 1936.

*McElreath, Scott, Duckworth & DuVall,* for plaintiff in error. *Spence & Spence,* contra.

*Judgment reversed. All the Justices concur.*