### HARTON v. FEDERAL LAND BANK OF COLUMBIA et al.

No. 12608. FEBRUARY 18, 1939. REHEARING DENIED MARCH 10, 1939.

*McCullar & McCullar*, for plaintiff.

*Sibley & Allen* and *G. Lee Dickens*, for defendants.

DUCKWORTH, Justice. 1. The petition in the instant case sought cancellation and rescission, accounting, and injunction. A court of equity will not decree cancellation or annulment of a security deed procured by fraud, in the absence of an offer of restoration by the borrower before the filing of the suit, unless the tender or offer to restore be excused upon some equitable ground. *Williams* v. *Fouché,* 157 *Ga.* 227 (121 S. E. 217) ; *Darnell* v. *Tate,* 177 *Ga.* 279 (4) (170 S. E. 63).

2. In this case it is sought by the plaintiff to meet the foregoing requirement of law by alleging that she does not know the amount due to the defendant, requesting an accounting, and offering to pay whatever the amount may be when determined by the court. She admits that her husband procured $2000 from the defendant in consideration of the security deed. She alleges that she has paid one $80 interest instalment, and that another instalment is now due. It is nowhere alleged that she or her husband has paid any amount on the $2000, receipt of which is admitted. It therefore affirmatively appears from the petition that at the time it was filed the plaintiff knew and admitted that she owed the defendant $2000 and an $80 interest instalment. It was not necessary to have an accounting to determine her liability for these amounts, and there was no allegation of any payment which should be credited against these amounts admitted to be due. Therefore the allegation that she did not know how much she owed, and that she was ready and willing to pay the same when determined by the court, would not excuse her from making tender of $2080, in advance of filing her suit as required by law. The facts of the case do not authorize application of the rule stated in *Mayer* v. *Waterman,* 150 *Ga.* 613 (104 S. E. 497), and in *Wynne* v. *Fisher,* 156 *Ga.* 656 (2) (119 S. E. 605), as to relieving the plaintiff of the necessity of a tender as a condition precedent to filing this petition.

3. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code, § 37-104. Under application of this maxim, before the plaintiff would be entitled to injunction to pre-

702

vent a sale because of the alleged illegal attempt to collect attorney's fees and until an accounting could be had, she must pay or tender the amounts admitted to be due to the defendant. *Liles* v. *Bank of Camden County*, 151 *Ga.* 483 (107 S. E. 490) ; *Latimer* v. *Lyon*, 177 *Ga.* 888 (171 S. E. 562) ; *Wardlaw* v. *Woodruff*, 178 *Ga.* 240 (2) (173 S. E. 98) ; *Biggers* v. *Home Building & Loan Asso.*, 179 *Ga.* 429 (176 S. E. 38) ; *Stephens* v. *National Life Ins. Co.*, 179 *Ga.* 619 (176 S. E. 772) ; *Washington & Lee University* v. *Suburban Development Co.*, 183 *Ga.* 130 (187 S. E. 647). The petition failing to allege tender as required by law, it was not error to sustain the general demurrer and dismiss the action.

*Judgment affirmed. All the Justices concur.*