AULD *v.* COBB EXCHANGE BANK; *et vice versa.*

Nos. 16504, 16518. FEBRUARY 14, 1949.

*G. S. Peck,* for plaintiff.

*Willingham, Cheney, Hicks & Edwards,* for defendant.

WYATT, Justice.  It is a well-recognized maxim of equity that the doors of a court of equity will not be opened to a plaintiff until he himself does equity.  Under this principle, a borrower who seeks to enjoin the lender from exercising a power of sale

in a security deed must offer to do equity by paying the secured debt admittedly due. *Smith* v. *Bukofzer,* 180 *Ga.* 209, 212 (178 S. E. 641) ; *Latimer* v. *Lyon,* 177 *Ga.* 888 (171 S. E. 562) ; *Oliver* v. *Slack,* 192 *Ga.* 7 (14 S. E. 2d, 593).

In the present case the petition admits that $150 per month was due under the terms of the note and security deed, even under the contentions of the plaintiff. Admittedly he had not made payment of the amounts he conceded to be due.

On the question of tender, the petition contains the following allegations: "On or about June 28, 1948, petitioner tendered to defendant through its president, Mr. R. N. Little, the sum of $100, representing the balance of the instalment maturing June 13, 1948, in accordance with petitioner's agreement with defendant as to the amounts of the monthly instalments, which tender was refused by said Little. On Monday, August 16, 1948, petitioner tendered to defendant through its president, Mr. R. N. Little, the amount past due on said note dated January 13, 1948, as contended by defendant, which said Little refused to accept. Petitioner herewith tenders and offers to pay into court the instalments due on said note of January 13, 1948; and if the court should hold that petitioner is obligated to pay instalments of $250 a month, then to do complete equity petitioner tenders the amounts due under such instalments and makes this a continuing tender of such instalments as they fall due."

Irrespective of whether or not these allegations are sufficient to allege tender (in this connection, see *McKown* v. *Heery,* 200 *Ga.* 819, 38 S. E. 2d, 425), we do not think, under the peculiar facts appearing from the record in this case, that the trial judge committed error in sustaining the general demurrer. This is true for the reason that the trial judge afforded to the plaintiff in the court below an opportunity to do equity by paying into court the amount he admitted to be due, and upon his failure to do so sustained the general demurrer.

The allegation of a continuous tender, under the facts in this case, must fall. When the trial judge by order allowed the plaintiff the opportunity to comply with his own allegation of a continuous tender and he refused to do so, the judge, even in passing upon a demurrer, was not required to shut his eyes to what was happening in his presence; but on the contrary could take judi-

cial notice of the fact that the plaintiff, "upon notice to counsel for the plaintiff," had refused to do equity by paying into court the amount he admitted to be due.

In *Wardlaw* v. *Woodruff*, 178 *Ga.* 240 (173 S. E. 98), the procedure was identical with that followed in the instant case. There the court said: "The court further allowed the plaintiffs time within which to pay into the registry of the court the amount admitted by the plaintiffs to be due; failing which the court made a final order dismissing the petition. In *Barnett* v. *Terry*, 42 *Ga.* 283, 288, it was said: 'When tender is set up in bar of an action pending, the court may call on the party tendering to pay the money into court. It is an admission of so much money due; and if the party relies on it as a plea to release him from interest, it is not error to call on him to comply with his offer, for the plea sets up he is then and has been ready to pay that sum admitted to be due. If he desires advantage from it, he must be ready to perform when called on by the court.' In *Brantley* v. *Wood*, 97 *Ga.* 755, 759 '(25 S. E. 499), it was said: 'We do not now decide whether the plaintiffs were or were not entitled to an injunction under the evidence submitted. But assuming that they were, the court very properly required, as a condition precedent to the granting of this relief, that they should first pay the principal and interest legally due on the debt secured by the mortgage. This requirement rests upon the time-honored maxim that "he who seeks equity must do equity." ' In this case on the former occasion it was held: 'Before a borrower who has executed a deed infected with usury can have affirmative relief, such as injunction to prevent exercise of the power of sale by the grantee in such security deed, he must pay or tender to the grantee the principal sum due.' 175 *Ga.* 515, 517, supra, and cit. The judge did not err in dismissing the petition on demurrer."

It follows from what has been said above that the trial court did not commit error in sustaining the general demurrer and dismissing the petition. It is unnecessary to rule on the other assignments of error.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Hawkins, J., disqualified.*