41359.   LeCRAW et al. v. BURDINE ENTERPRISES, INC.

Argued June 8, 1965—Decided June 21, 1965—
Rehearing denied July 8, 1965.

50

*Edenfield, Heyman & Sizemore, Robert G. Young,* for plaintiffs in error.

*Margaret Hopkins,* contra.

NICHOLS, Presiding Judge. "Allegations of a petition must yield to contradictory facts shown by exhibits attached thereto." *National Life &c. Ins. Co. v. Wilson,* 106 Ga. App. 504 (1a) (127 SE2d 306). The petition alleged that the plaintiffs and the defendant (the corporation) entered into the contract attached as an exhibit, but the exhibit showed on its face that it was a contract between "Dr. Winston E. Burdine, owner of" the property and the plaintiffs, and although the exhibit was signed "Burdine Enterprises, Inc., W. E. Burdine, M. D., Pres." the body of the contract is controlling as to the "parties" to such a contract. See *Tenant v. Blacker,* 27 Ga. 418; *Payton v. Mc-Phaul,* 128 Ga. 510 (3) (58 SE 50, 11 AC 163).

Had the contract itself not contained the above quoted reference to the fact that it was an agreement between "Dr. W. E. Burdine, owner of" the property and the plaintiffs, then under the decisions exemplified by *Spiller-Beall Co. v. Hirsch,* 18 Ga. App. 450 (1) (89 SE 587), the corporation would have been the proper defendant, for the signature "Burdine Enterprises, Inc." followed by "W. E. Burdine, M. D., Pres." would have been the

act of the corporation and not the act of the person described as president of the corporation.

The contract shows on its face that it is between W. E. Burdine and the plaintiffs, and the corporate defendant being at most an agent of a disclosed principal, no credit of the agent being involved, it would not be personally liable. See *Gill v. Tilson,* 61 Ga. 161.

Accordingly, without deciding whether the petition otherwise set forth a cause of action, or whether under the doctrine of estoppel or otherwise the named president of the defendant corporation, who was also the person named in the body of the alleged "agreement to lease," would be personally liable for the alleged breach of the contract, the petition failed to set forth a cause of action against the defendant corporation and the trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*