## 23214. COILE v. FINANCE COMPANY OF AMERICA.

ARGUED NOVEMBER 9, 1965—DECIDED DECEMBER 6, 1965.

*L. D. Skaggs,* for appellant.

*Sell & Comer,* for appellee.

ALMAND, Justice. This appeal enumerates error on an order sustaining a general demurrer to an equitable petition seeking the cancellation of a note representing an indebtedness and a security deed from the plaintiff to the defendant's assignor.

The appellant's petition in substance alleged: that the plaintiff on March 30, 1963, borrowed $2,496 from the Arrow Loan & Investment Co., and executed to the lender a deed to secure the payment of the note. He alleged that the note and its security had been transferred to the Finance Company of America which was advertising a notice of sale under the power in the security deed. It was alleged that the attempt to foreclose or sell under the power was illegal because the loan transaction was void and illegal for asserted reasons.

The defendant filed general and special demurrers. Two of the general grounds were that the petition shows on its face that the plaintiff was delinquent in his monthly payments and neither alleges a tender nor offers to pay into court the amount due the defendant. The court sustained these grounds of the general demurrers and ordered the petition to stand dismissed unless it was amended by a designated day. The plaintiff filed an amendment which contained no allegations of tender or an offer to restore the defendant to its former position. The court sustained the renewed general demurrers and dismissed the petition. The appeal is from this order.

From the allegations in the amended petition it appears that the plaintiff borrowed $2,496 from the defendant's assignor and

executed his note and security deed for the payment of this loan and that there is an unpaid balance of more than $1,500. He now seeks the cancellation of the note and security deed, but does not allege any tender or offer to pay the amount of the indebtedness. The failure to offer payment or tender of the balance due or to offer any excuse for not doing so brings the appellant under the provisions of *Code* § 37-104, which provide: "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit." A borrower who has executed a deed to secure a debt is not entitled to an injunction against a sale of the property under a power in a deed unless he first pays or tenders to the creditor the amount admittedly due. " 'Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due.' " *Georgia Baptist Orphans Home v. Moon,* 192 Ga. 81 (1) (14 SE2d 590). *Bower v. Certain-Teed Products Corp.,* 216 Ga. 646 (119 SE2d 5). Though the appellant's petition does not expressly admit that he owes the defendant anything, the pleaded facts, with the exhibits attached to the petition, show an unsatisfied indebtedness and they control over any lack of the appellant to admit an indebtedness. Compare *Dell v. Kugel,* 99 Ga. App. 551 (109 SE2d 532); *LeCraw v. Burdine Enterprises, Inc.,* 112 Ga. App. 49 (143 SE2d 679); *Houston v. Pollard,* 217 Ga. 184 (121 SE2d 629).

The failure of the appellant to allege either payment or a tender of the balance due on the debt secured by the deed was fatal to his equitable petition to enjoin the sale of the property in the deed to secure the debt and it was not error to sustain the demurrers to the petition. *Wellborn v. Johnson,* 204 Ga. 389 (50 SE2d 16); *Wilson v. McAteer,* 206 Ga. 835 (59 SE2d 252); *Cardin v. Riegel Textile Corp.,* 217 Ga. 797 (125 SE2d 62).

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*