24216. STRAUGHAN v. BROWN et al.

DUCKWORTH, Chief Justice. "He who would have equity must do equity." *Code* § 37-104. Here the petitioner, seeking to enjoin two suits on notes, fails to deny the indebtedness due on the notes or to show why they should be enjoined but seeks to allege an involved real estate transaction and to cancel as a nullity a warranty deed which she admits signing, prays for an accounting for sums paid, and to be allowed to pay any and all sums due as may be determined by these proceedings without tendering any amount due. An offer to restore whatever an accounting might show to be due is not an unconditional tender as the law requires. *William v. Fouche*, 157 Ga. 227, 229 (121 SE 217); *Darnell v. Tate*, 177 Ga. 279 (170 SE 63). Nor do the petitioner's pleadings show such fraud in the execution of the deed as to authorize its cancellation since she merely alleges language added after its execution as to when it could be recorded and that there were no witnesses to it so as to authorize the clerk to record it. Further, in failing to restore or offer to restore as soon as the fraud was discovered, if any exist, she has failed to do equity. The court properly sustained the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1967—DECIDED SEPTEMBER 21, 1967.

*Harvey & Rhodes, Leonard W. Rhodes,* for appellant.
*Claude Hambrick, Walter P. McCurdy, Jr.,* for appellees.