## 24445. O'KELLEY v. EVANS.

UNDERCOFLER, Justice. The plaintiff brought this action to enjoin the collection of a note and the foreclosure of the accompanying security deed given to the defendant, an attorney at law, and to have the same declared null and void. The petition alleges that the plaintiff employed the defendant in September 1958 to represent her in certain litigation; that on July 16, 1962, plaintiff gave the defendant said note and security deed in the amount of $10,000 with interest at 8% per annum payable July 1, 1965. Contemporaneously therewith the defendant gave the plaintiff a memorandum stating that the note and security deed represented accrued attorney's fees to date and services to be rendered in the future on the basis of "$100 per day for each and every day that I am engaged in working on her behalf in the above-stated case; the number of days to be computed by the undersigned [Evans] and when the work is completed, the total amount to be then arrived at, and any amount that has not been earned shall be credited on the said note"; that the defendant withdrew from the case; that the same is still pending and no judgment has been rendered therein; and that under *Code Ann.* § 9-615 said note and security deed are null and void.

The defendant answered and by cross action claimed the sum of $11,170 plus interest from July 1, 1965, for 117 days' work performed from September 18, 1958, to August 4, 1965, 62 days of which had been performed at the time said note and security deed were executed and delivered; that he had made demand for partial payment; and that the plaintiff had discharged him.

The trial court sustained a general demurrer to the petition and dismissed it. A motion for summary judgment was made in favor of the defendant on his cross action and the trial court granted said motion. The appeal is from those judgments. *Held:*

1. This case has been before this court previously. *O'Kelley v. Evans*, 223 Ga. 512 (156 SE2d 450).

2. " 'He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit." *Code* § 37-104. Under application of this maxim, before the plaintiff would be entitled to injunction to prevent a sale because of the alleged illegal attempt to collect

attorney's fees and until an accounting could be had, she must pay or tender the amounts admitted to be due to the defendant. *Liles v. Bank of Camden County,* 151 Ga. 483 (107 SE 490); *Latimer v. Lyon,* 177 Ga. 888 (171 SE 562); *Wardlaw v. Woodruff,* 178 Ga. 240 (2) (173 SE 98); *Biggers v. Home Building & Loan Assn.,* 179 Ga. 429 (176 SE 38); *Stephens v. National Life Ins. Co.,* 179 Ga. 619 (176 SE 772); *Washington & Lee University v. Suburban Development Co.,* 183 Ga. 130 (187 SE 647). The petition failing to allege tender as required by law, it was not error to sustain the general demurrer and dismiss the action." *Harton v. Federal Land Bank of Columbia,* 187 Ga. 700, 701 (2 SE2d 62). In the instant case the plaintiff acknowledged that the note and security deed she seeks to have declared void were executed in part to secure accrued attorney's fees to the date of said instrument. Under these circumstances she cannot invoke the aid of a court of equity without tendering the amount admitted to be due. This case is distinguished from *Weed v. Bond,* 21 Ga. 195, where the note was given for services to be rendered and where the attorney failed to perform the whole contract. See *Copeland v. Eubanks,* 175 Ga. 198 (165 SE 3).

The trial court properly sustained a general demurrer to the petition.

3. On a motion for summary judgment, "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law; but nothing in this section shall be construed as denying to any party the right to trial by jury where there are substantial issues of fact to be determined." *Code Ann.* § 81A-156 (c). "The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." *Code Ann.* § 81A-156 (e).

In support of defendant's motion for summary judgment on his cross action, certain interrogatories and answers thereto were introduced in which the plaintiff admitted receiving a certain letter from the defendant but specifically denied the facts in said letter, a portion of which letter states that the defendant has devoted 117 days of work to the defense of the case. In

our opinion this was sufficient to raise a question of fact, and the court erred in granting the motion for summary judgment. *Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED JANUARY 8, 1968—DECIDED JANUARY 18, 1968.

*John H. Ramsaur, Zachary, Hunter, Zachary & Bowden, John C. Hunter,* for appellant.

*F. Lee Evans, Jr., J. D. Tindall, Jr.,* for appellee.