## 24688. WOOD v. PIEDMONT FEDERAL SAVINGS & LOAN ASSOCIATION OF DEKALB COUNTY.

ARGUED JUNE 10, 1968—DECIDED JUNE 20, 1968.

*E. T. Hendon, Jr., J. W. Moulton, G. Hughel Harrison,* for appellant.

*Ware, Sterne & Griffin, Robert F. Lyle,* for appellee.

ALMAND, Presiding Justice. This appeal is from an order granting a summary judgment in an action seeking equitable and legal relief.

Roy R. Wood, in his petition against Piedmont Federal Savings & Loan Association, made the following allegations. In November of 1965 Roy R. Wood, plaintiff, purchased a described tract of land in Gwinnett County, Georgia, subject to a deed to secure an indebtedness to the defendant, Piedmont Federal Savings & Loan Association. Subsequent to the purchase of the land a named insurance company issued to plaintiff a mortgage accident and health insurance policy to cover payments on the loan in the event of physical disability to the plaintiff. The defendant acted as agent for the insurance company in obtaining the application and in collecting the insurance premiums. Subsequently, plaintiff became disabled, and the defendant caused the security deed to be foreclosed and the land sold with the defendant purchasing the land at the sale. Further, plaintiff alleged that no payment on the loan was due at the time of foreclosure that was not covered by the insurance contract.

Plaintiff's prayers were that the foreclosure deed to the defendant be canceled and that the defendant obtain from the insurance company the monthly payments under the policy. In two other counts of the petition, plaintiff sought to recover damages and attorney's fees. By amendment plaintiff tendered into court the amount past due on the loan.

In its answer the defendant denied that it was an agent of the insurance company, but alleged that it held a master policy

issued by the company for the benefit of any borrowers from the defendant who wished to have such mortgage insurance. The defendant assisted the plaintiff in making his claim under the policy, but the insurance company in December of 1966 denied liability on his claim. The plaintiff became in arrears in the payment of his monthly notes, and after repeated demands for payment, the property was sold at public outcry on March 7, 1967, under the provisions of the security deed with the defendant purchasing said property.

On December 13, 1967, an order was entered dissolving the temporary restraining order and declaring the petition did not set forth a cause of action for temporary injunction.

On February 15, 1968, the defendant filed its motion for summary judgment. On the hearing of the motion for summary judgment, said motion was supported by the defendant's affidavits and the allegations of its answer. The plaintiff did not present any evidence by affidavit or otherwise on the hearing.

The court properly granted the motion for a summary judgment. Under the evidence on the hearing of the motion, no material issue of fact was left in the case. Even if the plaintiff assumed that the defendant in issuing the insurance policy was the agent of the insurer, the undisputed evidence is that in December of 1966 the plaintiff was advised by the insurance company that it would not make any payments under his policy because his disability was not covered by the policy. With this knowledge, plaintiff made no effort to pay the monthly notes for the next two months. Furthermore, there is no allegation in the plaintiff's petition as amended that he tendered to the defendant prior to the institution of this action the amount past due on the loan. The absence of such an allegation rendered the action seeking to set aside the foreclosure sale fatally defective. *Harton v. Federal Land Bank of Columbia,* 187 Ga. 700 (2 SE2d 62) ; *Williams v. Fouche,* 157 Ga. 227 (1) (121 SE 217).

*Judgment affirmed. All the Justices concur.*