25149.  HOLCOMB et al. v.
APPROVED BANCREDIT CORPORATION et al.
25150.  MARTIN et al. v.
APPROVED BANCREDIT CORPORATION et al.

UNDERCOFLER, Justice.  In *Martin v. Approved Bancredit Corp.* and *Holcomb v. Approved Bancredit Corp.*, 224 Ga. 550 (163 SE2d 885) this court held that Hall County, Georgia, was not the proper venue for these actions.

The plaintiffs in each case subsequently filed a petition in the Superior Court of Rockdale County, Georgia, seeking to enjoin the sale of plaintiffs' properties under the powers of sale contained in deeds to secure debt and to have the deeds, notes and contracts executed in conjunction therewith canceled and declared void.  They also sought an accounting between the parties as to any sums which may be due the defendants from the plaintiffs.

The plaintiffs' petitions allege that one of the defendants is a Georgia corporation and the other a foreign corporation doing business in Rockdale County, Georgia.  The petitions further allege that the security deeds are void because the consideration has failed, that the debts are usurious under the laws of Georgia, that the contracts are unconscionable and were unconscionable at the time they were made and are not entitled to be enforced against the plaintiffs within the meaning of *Code Ann.* § 109A-2—302, that the foreign corporation is not a holder in due course of the security deeds, and that plaintiffs are entitled to have said instruments canceled and the sales thereunder enjoined.  The plaintiffs demanded an accounting among the parties and asserted that they would pay to the defendants the amounts decreed by the court to be due but

until such amounts are known and have been determined they assert that they are not required to tender any sums to the defendants.

The defendants filed motions to dismiss the petitions because they fail to allege payment or tender of the amounts due on the security deeds. The trial court ordered the temporary injunctions previously granted dissolved on condition that the defendants file within 8 days motions for summary judgment.

The evidence introduced at the hearing on the motions for summary judgments showed that the plaintiffs Holcomb had made 14 monthly payments of $115 each on their March 11, 1966, indebtedness of $14,950; that there was a balance due of $13,533, and that they have made no payments or tender of payments since June 22, 1967. The plaintiffs Martin have made 13 monthly payments of $112 each on their February 28, 1966 indebtedness of $14,560, and have made no further payments or tender of payments and that there is a balance of about $13,100 due on this indebtedness.

After hearing the evidence on the motions for summary judgments, the trial court granted summary judgments in favor of the defendants. Plaintiffs appeal contending that there are issues of fact which should be determined by juries. *Held:*

This case is controlled by *Straughan v. Brown*, 223 Ga. 592 (157 SE2d 256) wherein it was held: " 'He who would have equity must do equity.' *Code* § 37-104. Here the petitioner, seeking to enjoin two suits on notes, fails to deny the indebtedness due on the notes or to show why they should be enjoined but seeks to allege an involved real estate transaction and to cancel as a nullity a warranty deed which she admits signing, prays for an accounting for sums paid, and to be allowed to pay any and all sums due as may be determined by these proceedings without tendering any amount due. An offer to restore whatever an accounting might show to be due is not an unconditional tender as the law requires. *Williams v. Fouche*, 157 Ga. 227, 229 (121 SE 217) ; *Darnell v. Tate*, 177 Ga. 279 (170 SE 63). Nor do the petitioner's pleadings show such fraud in the execution of the deed as to authorize its cancellation . . . Further, in failing to restore or offer to restore as soon as the fraud was discovered, if any exist, she has failed to do equity. The court properly sustained the general demurrer to the petition."

It follows that the trial court was correct in its judgments.

*Judgments affirmed. All the Justices concur.*

SUBMITTED APRIL 15, 1969—DECIDED APRIL 24, 1969—
REHEARING DENIED MAY 8, 1969.

*Robinson, Thompson, Buice & Harben, Sam S. Harben, Jr.,* for appellants.

*Arnall, Golden & Gregory, H. Fred Gober, Norton, Cooper & Lang, Edward Lang,* for appellees.