The **OGLETHORPE COMPANY**, Peach-tree-Chamblee Company and the Golf Club Company, Plaintiffs-Appellants,

v.

Robert **WEAVER**, Charles L. Goodson and Beverly B. Bates, Defendants-Appellees.

No. 27933.

United States Court of Appeals Fifth Circuit.

Jan. 14, 1970.

Taylor, W. Jones, Mitchell, Clarke, Pate & Anderson, Atlanta, Ga., for appellants.

John W. Stokes, Jr., U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for appellees.

Before BELL, AINSWORTH, and CARSWELL, Circuit Judges.

PER CURIAM:

The complaint involved in this appeal was brought to set aside foreclosure sales. The foreclosures were made pursuant to powers of sale contained in security deeds which had been assigned to the Secretary of Housing and Urban Development. The properties in question were purchased at the sales by the Secretary.

Appellants, plaintiffs in the district court, contend that the bidding at the sales was chilled. The district court granted summary judgment in favor of

the Secretary on the basis that appellants had neither paid nor tendered the principal and interest admitted to be due on the indebtedness underlying the security deeds. This is the applicable law absent some equitable ground for excusing the necessity of a tender and no such ground was asserted in the complaint. See O'Kelly v. Evans, 224 Ga. 49, 159 S.E.2d 418 (1968); Auld v. Cobb Exchange Bank, 204 Ga. 729, 51 S.E.2d 635 (1949); Harton v. Federal Land Bank of Columbia, 187 Ga. 700, 2 S.E.2d 62 (1939); Biggers v. Home Building and Loan Association, 179 Ga. 429, 176 S.E. 38 (1934).

Affirmed.