## 28392. BERRY v. GOVERNMENT NATIONAL MORTGAGE ASSOCIATION.

UNDERCOFLER, Justice. Maggie Lee Berry filed a complaint seeking to have canceled and set aside the foreclosure sale of certain property in Fulton County, Ga. She alleges that the sale is void for stated reasons and because of her poverty she is unable to tender the past due payments under the note and security deed. The defendant moved to dismiss the complaint on the ground that the complainant was not entitled to equitable relief because no tender of the past due payments had been made. The trial court dismissed the complaint and the appeal is from this judgment. *Held:*

"He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit." Code § 37-104. Under application of this maxim, before the complainant would be entitled to equitable relief, she must do equity and tender the amount due under the security deed and note. *Coile v. Finance Co. of America,* 221 Ga. 584 (146 SE2d 304); *O'Kelley v. Evans,* 224 Ga. 49 (2) (159 SE2d 418); and *Holcomb v. Approved Bancredit Corp.,* 225 Ga. 271 (167 SE2d 655).

*Judgment affirmed. All the Justices concur, except Gunter and Ingram JJ., who concur in the judgment only.*

ARGUED NOVEMBER 14, 1973 — DECIDED DECEMBER 3, 1973.

*Thomas A. Bowman, Alden C. Harrington,* for appellant.

*Van Gerpen & Bovis, William M. Schiller,* for appellee.

GUNTER, Justice, concurring in the judgment. I concur in the

judgment of affirmance but for reasons other than those stated in the majority opinion.

In this case the appellant's deceased husband was the maker of the note and grantor in the security deed, both of which were held by the appellee at the time of the foreclosure under power of sale. The appellant's husband died before the secured indebtedness was paid. After his death the security real estate was set aside by judgment of the Court of Ordinary as a year's support for appellant and her minor children. The record reflects that the appellee had no actual notice of the death of the husband, its debtor-grantor or of the year's support judgment. When the indebtedness became in default the appellee advertised and sold the secured property under power of sale contained in the security deed, thereby cutting off the right of the debtor-grantor to have said property conveyed to him upon the payment of the debt. See Code § 67-1301.

The appellant's only interest in the subject property at the time of the foreclosure was by virtue of the judgment of the Court of Ordinary, and this interest of the appellant pursuant to this judgment was subject to be divested by foreclosure pursuant to the terms of a prior recorded security deed. However, the appellant was not and could not under this fact situation be the debtor of the appellee. There is nothing in this record to show that the appellant assumed the indebtedness of her deceased husband.

After the foreclosure the appellant brought an action in the trial court to set aside the foreclosure sale and the deed made pursuant thereto on the ground that the foreclosure sale was improperly advertised, thereby making the sale and the deed made pursuant thereto void.

I think the appellant had a legal right to bring her action in this manner without making a tender in this case because she was not the debtor of the appellee. She owed the appellee nothing, and the appellee could collect no debt from her.

However, I am of the opinion that the foreclosure sale was valid in this case, the appellant was not entitled to the relief that she sought in the trial court, and the judgment below dismissing the appellant's complaint was correct and should be affirmed.

The basis for the appellant's contention that the foreclosure was void was that the foreclosure advertisements published once a week for four weeks were defective in that they did not make known the name of "the person who may be in possession of such property" as required by Code § 39-1101. I consider this contention to be wholly without merit. Code Ann. § 67-1506 provides that

foreclosures under powers of sale shall be advertised in the usual manner as sheriff's sales in the county in which the real estate to be sold is located. Code § 39-1101 provides that an advertisement for a sheriff's sale shall give a full and complete description of the property to be sold, making known "the name of the plaintiff and defendant and the person who may be in the possession of such property . . ."

The foreclosure advertisements in this case properly described the security property and stated that it would be sold as the property of Cleveland E. Berry, the debtor-grantor, pursuant to the terms of the recorded security deed. The record shows that the appellee had no actual notice of the death of Cleveland E. Berry, and the record does not show the assumption of Cleveland E. Berry's indebtedness by any other party. I would therefore hold that the creditor-grantee, the appellee here, had every right to assume that Cleveland E. Berry was the person who "may be in possession of such property," and that there was no legal infirmity in the advertisements. Unless there is actual notice to the creditor-grantee of the assumption of the debtor-grantor's indebtedness by some other party, then I would hold that the naming of the debtor-grantor in the foreclosure advertisements sufficiently complies with Code § 39-1101. In such a situation the debtor-grantor is assumed to be "the person who may be in possession of such property."

For the reasons stated I do not think that there was any legal infirmity in the foreclosure advertisements in this case, and the judgment below should be affirmed.