## 28304. KEITH v. YARBROUGH et al.

JORDAN, Justice. This is an appeal from the judgment of the trial court granting the appellee's motion for summary judgment.

On February 1, 1960, Mrs. Bob Keith acquired title to the property that is the subject of the present appeal and in December, 1960, signed a deed to secure debt to Nationwide Homes Corporation for approximately $4,000 covering the construction of a shell home on the property, said deed to secure debt being subsequently transferred to First Atlantic Mortgage Corporation. After Mrs. Keith had paid some $500 or $600 on the indebtedness, it became in default in 1963, resulting in a foreclosure by Atlantic Mortgage Corporation and a deed to Realty Management Company as a result of the foreclosure and sale. Realty Management then brought a dispossessory proceeding against Mrs. Keith in 1964, at which time Mrs. Keith

retained the appellee Yarbrough as her attorney and executed to him a deed to secure debt dated August 8, 1964 on the property in question to insure payment of his fee. The proceeding went to trial, the jury was unable to agree upon a verdict and a mistrial was declared. Realty Management appealed the trial court's denial of its motion for a judgment notwithstanding the mistrial. On appeal, the Court of Appeals held that Realty Management, Inc., was entitled to possession of the property as a matter of law since the counter-affidavit filed by the Keiths was defective since it was not accompanied by a bond. See *Realty Management, Inc. v. Keith,* 114 Ga. App. 317 (151 SE2d 189). After the decision by the Court of Appeals, Realty Management took no further action to oust Mrs. Keith from the property and she lived there until her death intestate on August 23, 1969. No further payments in the form of rent or payments on the indebtedness to Realty Management were made during Mrs. Keith's lifetime or thereafter. Mrs. Keith left her husband, the appellant Bob Keith, and five children sui juris as her sole heirs at law. The appellant continued to occupy the premises until January, 1971, when the appellee Yarbrough foreclosed the deed to secure debt held by him, no payment having ever been made on said note and deed to secure debt. The appellee bid the property in himself for the sum of $500 and subsequently obtained a quitclaim deed from Realty Management in consideration of the sum of $250. After the foreclosure and after obtaining a quitclaim deed from Realty Management, Yarbrough transferred the property in fee simple to Mr. and Mrs. Ralph Duckett.

The appellant Bob Keith then obtained quitclaim deeds from all his children and brought this action claiming to be the rightful owner of the disputed property, asking for a decree vesting title to the property in him, cancellation of the conveyance to Mr. and Mrs. Ralph Duckett, a constructive trust in his favor over the disputed property, and damages against the defendant Yarbrough. From the grant of the motion for summary judgment in favor of Yarbrough, the appellant Keith files his appeal to this court. *Held:*

We affirm. There were two notes and deeds to secure debt allegedly executed by Mrs. Bob Keith, the owner, during her lifetime. The appellant contends that his wife did not know that the instrument she signed covering the construction of the shell home on the property was a deed to secure debt. However, the

undisputed facts show that thereafter she made payments totaling some $600 on the indebtedness and the facts are also undisputed that neither she nor the appellant have made any subsequent payments on said note and indebtedness. Likewise, it is agreed that no payment was made on the $500 indebtedness evidenced by the deed to secure debt to the defendant Yarbrough as her attorney. The appellant contends that the instrument was given to Yarbrough to "clear the title" to the property, and that since this was not done there was a failure of consideration for this indebtedness. The record does show that the defendant Yarbrough represented Mrs. Keith in the dispossessory proceedings in the trial court and by brief and oral argument when the case was on appeal. It is noted that no tender of the past due payments under either indebtedness evidenced by the deeds to secure debt has been made. This court has held on numerous occasions that such a tender must be made where a complainant seeks the aid of equity in setting aside and cancelling a deed under a foreclosure sale, citing the maxim that "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit." Code § 37-104. The latest such holding was in *Berry v. Government &c. Assn.,* 231 Ga. 503. See also, *Coile v. Finance Co. of America,* 221 Ga. 584 (146 SE2d 304); *O'Kelley v. Evans,* 224 Ga. 49 (159 SE2d 418); and *Holcomb v. Approved Bancredit Corp.,* 225 Ga. 271 (167 SE2d 655).

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 9, 1973 — DECIDED FEBRUARY 6, 1974 — REHEARING DENIED MARCH 7, 1974.

*Eugene S. Taylor, Bettye H. Kehrer, John L. Cromartie, Jr.,* for appellant.

*Matthews, Walton, Smith, Shaw & Maddox, William C. Davidson, Jr., J. Paxson Amis,* for appellees.