Dickerson vs. Brady.

| 23 | 161 |
| 99 | 648 |

WILLIAM DICKERSON, *et al.*, plaintiffs in error, *vs.* THOMAS BRADY, defendant in error.

In an action of ejectment, a demise was laid to Thomas Brady; and to support his title, the plaintiff offered in evidence, a copy grant from the State to Thomas Braddy. *Held*, That the evidence was strongly and decidedly in favor of the identity of the lessee and the grantee ; that they were one and the same person.

Complaint, to recover land. In Taylor Superior Court. Tried before Judge WORRELL, at April Term, 1857.

This was an action brought in the form, prescribed by Act of 1847, by Thomas Brady, against William Dickerson and Mary Battle, to recover lot of land No. 252, in the 12th dis-

trict of originally Muscogee, now Taylor county.

The plaintiff offered in evidence, a copy grant from the State to one Thomas *Broddy*. Defendant objected to its admission, upon the ground that it was made or issued to Thomas *Broddy*, and the plaintiff's name was Thomas Brady. The Court overruled the objection, admitted the paper, and left it to the jury to say whether the grant was to plaintiff or not. Plaintiff further proved that defendant, Dickerson, was in possession of the premises at the commencement of this suit, and closed.

The jury found for defendant. Plaintiff moved for a new trial, on the ground that the verdict was contrary to law and the evidence, which the Court granted, and thereupon, defendant excepted.

REESE & BLANFORD, for plaintiff in error.

GRICE & WALLACE, and MILLER & HOLSEY, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Was the Court right in granting a new trial? We think so, most decidedly. In all probability, Braddy was originally pronounced Bra-dy; and the family have dropped one *d* in spelling the name, to conform to the pronunciation. Brady is frequently now pronounced Brad-dy, especially by our Hibernian friends. It depends entirely upon how you divide the syllables, Brad-y or Bra-dy. This is too small a variance to deprive a man of valuable property. It would be legal robbery.

Sustain this verdict, and the consequences would be most appalling. A tract of land has been granted to plain John Smith, of whom between twelve and thirteen thousand were born, married, or had died, in a single city, in one year. The children, by the industry and economy of their father,

Dickerson vs. Brady.

have risen in the social scale, dropped the tad-pole's tail, and are hopping about as John, Robert, or Joe *Smythe!* They sue, as heirs at law, for the land granted to their father, and are turned out of Court because Smith and Smythe are not the same name! So of land deeded to Jonathan Jones, and the young Jon*i*ses sue, as his heirs at law. So of a conveyance to Tom Brown, and the plaintiffs claiming to be children, are called in the Court, Samuel, Joel, and Sallie Broun, (Broon!) In the little town of Boston, there are 527 persons of the name of Smith, 373 Browns, and 183 Joneses. To what inextricable confusion and irretrievable loss will the descendants of these three first class families alone be exposed, should the finding of this jury be sustained? And while these outnumber the rest, and are, therefore, put by me at the head of the list, by way of illustration, yet the same change is going on in almost every family in the land. I would refer to some, did not delicacy forbid. The three changes to which I have alluded, are so common as to have become historical. It is a matter of taste altogether; and were I honored with the euphonious sobriquet of Thomas Trickem Sanspareil Scamp, Jane Stockolorum, Matilda French Onion, Herbert Pay Day, Happy George Dadd, James Death, Betsey Toast Divine, &c. I might be tempted to exercise this modern practice and privilege. Still it will be perceived that the most important rights of property are suspended on it, especially should the judgment of the Court below, granting a new trial in this case, be reversed.

Judgment affirmed.