HAMER *vs.* SEARS *et al.*

1. There is no equity in complainant's bill.
2. A judgment rendered on the fourth day of July is not void. Although that day is a legal holiday, and some things, such as noting and protesting of notes, etc., may not be done upon it, there is no statute prohibiting the transaction of business by the courts on that day.

June 1, 1888.

Equity. Holidays. Judgments. Before Judge SMITH. Muscogee county. At Chambers, April 7, 1888.

W. J. Hamer filed his bill against W. H. Sears and the sheriff of Muscogee county, alleging as follows : Complainant was the security for his brother, A. Hamer, on a promissory note given Sears. Though the note does not recite the consideration for it, it was really given for a bay horse. After the giving of the note, over the objection of complainant and without his knowledge, Sears aided A. Hamer to trade the horse for a grey mare; and afterwards, over complainant's objection and without his knowledge, by the consent of Sears, A. Hamer took the grey mare to Alabama and sold or traded her in some way unknown to complainant. Before, at the time and after the maturity of the note, complainant notified Sears and urged him to sue it and make his money out of the property; that A. Hamer was insolvent, and this was the only property he had out of which the money could be made. Sears refused to sue, but instead aided A. Hamer to get the property out of the State. Afterwards Sears sued the note, and service was made on complainant by leaving a copy of the declaration at his most notorious place of abode. At the time this service was made, complainant was away from home at work on the Georgia Midland rail-

road, near Griffin; and he never at any time had notice of the suit or the service until long after Sears obtained judgment. Complainant had a good defence to the note, which he would have made had he had notice, such defence arising out of the facts already stated. The judgment was obtained by fraud in that, at the time of the institution of the suit and of the service, Sears knew that complainant was away from home, and designedly brought his suit at the time he did in order to take advantage of this fact. The judgment was rendered on July 4, 1887, which was a legal holiday, and therefore is void. That was a day when one would not expect to have judgment taken against him or on which he would be called on to make defence to a suit. Execution has been issued on the judgment, and has been levied on complainant's property. He prays injunction, etc.

Sears answered the bill, denying every material allegation therein or suggestion of fraud on his part. The sheriff answered that the defendants resided with their families within from one to three miles of Columbus, the county site; and that when he went to serve the copy declaration, etc., they were both absent from home, and so he made the service as stated in the bill.

The chancellor refused the injunction, and the complainant excepted.

THOMAS & MCLESTER, for plaintiff.

B. A. THORNTON, by C. J. THORNTON, for defendant.

BLANDFORD, Justice.

1. This is an exception to the refusal of the court to grant an injunction. We have carefully considered the bill filed by the plaintiff in error against the defendants in error, and fail to see any equity therein.

v 81-19

2. The main ground of equity relied on is, that the judgment was rendered on the 4th of July, and it was contended that the 4th of July was *dies non juridicus*, and that therefore the judgment was void. We have a different opinion. There is no statute of this State that inhibits the courts from sitting on the 4th of July, if it fall not on Sunday, or which prevents the court from rendering judgment on that day. It is true that the 4th of July is a holiday by our code, and for some purposes certain things cannot be done,—such as the noting and protesting of notes and commercial paper; and these things are specially mentioned in the statute (code, §2783); but nowhere are the courts prohibited from meeting and transacting business on that day.

The judgment of the court refusing the injunction is affirmed.