AMERICAN BONDING AND SURETY COMPANY *v.* ADAMS *et al.*

CANDLER, J.   1. A plaintiff in certiorari notified the defendant of the sanction of the writ, stating the name of the case and designating it as one which had been "tried in the justice court of the 187th district G. M., said county, on the 8th day of October, 1904." The notice recited that the writ would be heard "at the court-house in said county at the next term of the superior court, to be held on the 2nd Monday in March, 1904." The notice was dated November 25, 1904, and nowhere stated the name of the county in which the certiorari was to be heard. The notice served on the defendant was not an exact copy of the one attached to the petition for certiorari, which the sheriff certified to having served on the defendant's attorney, though the two were substantially identical. *Held:* (*a*) The designation of the district in which was situated the justice's court in which the case was tried, together with the recital that the writ of certiorari was to be heard at the court-house "in said county," was sufficient notice to the defendant as to the county in which the writ would be heard. (*b*) The defendant was bound to know when the "next term" of the superior court of his county would be held; and the fact that the notice incorrectly named the date of the term did not render it invalid. (*c*) If the defendant desired to take advantage of the discrepancy between the copy of the notice attached to the petition and the notice served upon his attorney, he should have traversed the return of the sheriff. This was not a ground to dismiss the certiorari.

2. A petition for certiorari filed by two plaintiffs, one of whom is an attorney at law, is properly verified by an affidavit of the attorney made individually and as attorney for his coplaintiff.

*Judgment affirmed. All the Justices concur.*

Submitted December 1,—Decided December 21, 1905.

Certiorari.   Before Judge Holden.   Elbert superior court.   June 12, 1905.

*Z. B. Rogers,* for plaintiff.