## 4383. WOOD *v*. THE STATE.

RUSSELL, J.   1. In the absence of a legislative enactment declaring any of the holidays enumerated in the Civil Code, § 4284, to be dies non juridicus, there is nothing to invalidate or prevent the holding of courts, or the exercise of other judicial functions, on July 4th; and conse‑ quently, in computing the thirty days within which a petition for cer‑ tiorari must be presented for sanction, the 4th of July, though a holiday, must be included, if that day is in fact one of the calendar days em‑ braced in the statutory period within which the certiorari is by law required to be presented.

2. If in any case the last day allowed by law for the performance of an act is both a holiday and the Sabbath day, the following Monday can be included, and the requisite act will be performed in time if done upon Monday.   But this is for the reason that such Sunday is by the Civil Code, § 4, paragraph 8, expressly excluded from the count.   By express statute each of the legal holidays mentioned in § 4284 has been made dies non juridicus in cases of appeals from justices' courts.   The same provision is applicable to the notice specified in § 5393, and also to the acceptance or payment of papers which may fall due on Sunday, within the terms of § 4285.   But a holiday can not become dies non juridicus by implication.

3. Applying the foregoing rulings to the facts of the present case, the judge of the superior court did not err in refusing, on July 5th, to sanction a petition for certiorari, brought to review a judgment rendered on June 4th, 1912; for more than thirty days had elapsed between the rendition of the judgment in the lower court and the time when the petition for certiorari was presented. The fact that the thirtieth day was July 4th, and a holiday, does not have the effect of excluding that day from the count, since the holiday is not by law dies non juridicus.

*Judgment affirmed.*

DECIDED MAY 6, 1913.

Certiorari; from Fulton superior court—Judge Pendleton. July 25, 1912.

*Scott & Davis,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, Lowry Arnold, solicitor,* contra.