## TISON *v.* CITY OF DOERUN *et al.*

1. The provisions of sections 18 and 19 of the charter of the City of Doerun (Acts 1912, p. 817), as amended by the act of August 16, 1915 (Acts 1915, p. 596), provide for notice to taxpayers and an opportunity for them to be heard, before assessments of their property for taxation by said city become final; and they do not violate the due-process clauses of the 14th amendment to the constitution of the United States and of our State constitution.

2. Said act of 1915 does not violate art. 3, sec. 7, par. 8, nor art. 3, sec. 7, par. 17, of our State constitution.

3. The trial judge did not err in refusing to grant an injunction for any of the reasons alleged by the plaintiff.

No. 3347.   MARCH 15, 1923.

Petition for injunction.   Before Judge W. E. Thomas.   Colquitt superior court.   June 10, 1922.

J. N. Tison, a citizen and taxpayer of the City of Doerun, filed his petition for injunction against said city, its mayor, clerk and ex-officio tax-collector, and marshal, to enjoin the enforcement of a tax execution; and made this case: He returned his property in said city for the year 1921 at $7,012.50, this being its full and fair valuation. The tax-assessors of said city raised this valuation to $10,537.50. He paid to the city his taxes based upon the valuation at which he returned his property. The city, however, issued an execution against him for the taxes due upon the valuation fixed by said assessors, credited the fi. fa. for the amount paid by him, and is proceeding to enforce the fi. fa. for this balance by a levy on his property. He has fully paid all the taxes due by him to said city, having paid the same prior to the issuance of

said illegal execution, and all actions of each and all of the officers of said city, with reference to the assessment of his property for taxation and the issuance and levy of said execution, are wholly illegal and without warrant or authority. The provisions of the charter of the city, under which the city assessors were appointed (Acts 1912, p. 817, §§ 18, 19) and under which said increased assessment of his property for taxation was made, are unconstitutional, because they do not contain any provision for notice and an opportunity to be heard before said assessors make assessments of the property of taxpayers for taxation; and there is no provision in any ordinance of the city for notice to taxpayers and an opportunity to be heard before said assessors act in making their assessments. The failure to incorporate provisions for notice and an opportunity to be heard violates the due-process clauses of the State and Federal constitutions. Plaintiff makes special reference to the act of the legislature (Ga. Laws 1915, p. 596) providing for Doerun city tax assessments. He alleges that this act is unconstitutional, because it violates art. 3, sec, 7, par. 8, of the State constitution; because it does not specify the act to be amended, " there being no reference to any book or page or date given as the date of approval," and it is not shown by what body or authority the same was enacted, and nothing is given by which the same could be identified; because there is nothing in said act to indicate the subject-matter thereof, or to put the public on notice as to the subject-matter of the act, and the subject-matter dealt with in the body of the act is altogether different from any suggestion made by the title. Plaintiff further alleges that this act violates art. 3, sec. 7, par. 17, of the State constitution, on the same grounds as those specified above in the attack upon art. 3, sec. 7, par. 8; and that if said act were declared valid, there has been no ordinance of the City of Doerun adopting the same or putting it into effect. The assessment of $16 per thousand dollars of tax values is excessive and beyond the limits fixed by the various acts under which taxes may be levied in said city; and there is no legal and valid levy under which the amount of taxes sought to be recovered from petitioner may be enforced, the extreme limit of the taxing power of said city being $15.50 per thousand dollars of property assessed for taxation. By amendment plaintiff further alleges that said act of 1915 violates the

due-process clauses of the State and Federal constitutions, because it does not provide for giving notice to taxpayers and an opportunity to be heard before the increased assessments are made.

The defendants demurred to the petition, on the grounds (1) that it sets forth no cause of action; and (2) because plaintiff has a complete and adequate remedy at law. In their answer the defendants denied the validity of the attacks on the constitutionality of the above acts. They further alleged that the tax-assessors of the city met in accordance with law, made investigation of the returns of taxpayers, including plaintiff, and made various changes in the amounts of such returns, including that of plaintiff. Notice of the increase of the assessment of plaintiff's property was given to him. In response to such notice he appeared before the assessors at the time and place specified in said notice, and was accorded a full and fair hearing by them. After said hearing, the assessors adhered to their former findings, and so notified plaintiff. The defendants admit that plaintiff paid to the city tax-collector a portion of the taxes assessed against him, but deny that said sum was accepted in full settlement of such taxes under the tax fi. fa. levied.

On the hearing the defendants introduced the notice to plaintiff, advising him of the increase of his tax returns; the tax execution against him; an ordinance of the city levying the ad valorem tax of five mills for the maintenance of the city government for the year 1921; an ordinance levying an assessment of four and a half mills to pay the annual interest on the city's bonded indebtedness and to provide a sinking-fund for retirement of its bonds; and an ordinance levying six and a half mills for the support of the public schools of the city. The judge denied the injunction prayed for; and error was assigned on this judgment.

*Perry & Tipton,* for plaintiff.

*Dowling & Whelchel,* for defendants.

HINES, J. (After stating the foregoing facts.) The plaintiff sought to enjoin an execution issued by the City of Doerun against him for taxes due that municipality for the year 1921. He contends that the law under which the assessors acted in assessing his property is unconstitutional, because it offends the due-process clauses of the State and Federal constitutions, and certain other

24

provisions of our State constitution, for which reasons said execution should be enjoined. The City of Doerun was chartered by the act of August 19, 1912 (Acts 1912, p. 817). By section 18 of this charter the mayor and council are required, at their first meeting in January, 1913, to elect a board of tax-assessors for said city, whose duty it is to annually assess the true, cash, market value of all real estate in said city for taxation, and to make returns thereof to the clerk of the council at such times as may be fixed by ordinance. By the 19th section of the charter taxpayers are required to return the value of their real estate, giving a correct and full description thereof which shall be filed by the clerk of the council with the city board of assessors. It is made the duty of the assessors to carefully examine the returns of all personal property, and, in case of failure of a taxpayer to make a true and full return thereof at its cash market value, to assess the true market value thereof; and should any person fail to return his personal property or any portion thereof subject to taxation in said city, said assessors shall assess the same and make returns thereof. If any person is dissatisfied with the assessment of any property under these provisions of the charter, he has the right to appeal the same to the mayor and council within thirty days after the return of said assessment; and the decision of the mayor and council, after hearing thereon at a time fixed by them, shall be final. The plaintiff insists that these provisions of the charter violate the 14th amendment to the constitution of the United States, and the same provision in our State constitution, because they do not contain any provision for notice to the taxpayer and an opportunity to be heard before said assessors make their assessments. It is unnecessary for us to decide this question.

If these provisions of the city charter did not provide sufficient notice and an opportunity to be heard, the charter was amended by the act of Aug. 16, 1915 (Acts 1915, p. 596); and ample notice and opportunity to be heard are given the taxpayers of this city to resist and correct any illegal or excessive assessments on their property for taxation made by said assessors. The latter act is attacked as unconstitutional, on two grounds. One is that it violates art. 3, sec. 7, par. 17, of the constitution of this State, which declares: " No law, or section of the Code, shall be amended

or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." Civil Code (1910), § 6445. Does the act in question sufficiently describe the act to be amended? The caption of the amending act sets out in full the caption of the act to be amended. An amending act can not be said to make a mere reference to the title of the act to be amended, when the former embraces in its caption the complete title of the act to be amended. This is not repealing an act by mere reference to its title. Is the incorporation in full of the title of the act to be amended in the caption of the amending act a sufficient description of the former to meet this constitutional requirement? It is urged that this description is not sufficient. In *Adam* v. *Wright*, 84 *Ga.* 720 (11 S. E. 893), this court said: " The plaintiff in error contends that the act of 1880 is null and void by reason of its conflict with the constitution, article 3, section 7, paragraph 17 (Code, § 5076), which declares that no law shall be repealed by mere reference to its title, but the repealing act shall distinctly describe the law to be repealed. And it is insisted that the act of 1880 seeks to repeal the act of 1879 by mere reference to its title; that it fails to describe the act to be repealed, and is therefore void. The act of 1880 in its title declares that it is an act to repeal the act of 1879, which is described by its title; and the body of the act of 1880 contains in full the title of the act of 1879, and repeals the same. We think this is a sufficient description of the act of 1879. It specifies and points out distinctly the law which it seeks to repeal." As the caption of the act of 1915 contains in full the title of the act incorporating the City of Doerun, we think this a sufficient description of the latter act, although the title of the amended act is not repeated in full in the body of the act of 1915.

The title of an act is its name. By such name it is known and distinguished from other legislative acts. Identity of name is strong evidence of identity of person. *Dickerson* v. *Brady,* 23 *Ga.* 161. So when an amending act embraces in its caption the title of the act to be amended in full, this furnishes strong proof of the identity of the act which the legislature intends to amend. But it is insisted that such description is not sufficient; and counsel for plaintiff rely upon *Adam* v. *Wright,* supra; *Fullington* v. *Will-*

*iams,* 98 *Ga.* 807 (27 S. E. 183), and *Cunningham* v. *State,* 128 *Ga.* 55, 57 (57 S. E. 90). It is true that in *Adam* v. *Wright* the date of the approval of the act was given. This is also true of the other two cases cited. In *Fullington* v. *Williams* this court said: " A description of the prior law by its title alone might in many cases be insufficient as a means of identification, because there might be other laws having the same title; and with no other guide than the title it might be necessary to search through the legislation of many years in order to find· the law sought to be amended or repealed;" but the court did not hold in that case that lack of date rendered the description of the law to be amended insufficient. The judge who rendered the opinion in said case simply stated that the title might in many cases be insufficient as a means of identifying the act to be amended. In *Cunningham* v. *State,* it was again ruled that the description was sufficient where the repealing act described the act to be repealed simply by giving its title in full and date of approval, but the court did not hold that the failure to give the date would render the description insufficient. In this case the court said: " This matter of description sometimes appears in the title, sometimes in the act, and sometimes in both." The act of 1915 quotes in full the title of the act incorporating the City of Doerun. By the first section of this act, section 19 of the act incorporating this city is repealed. In the act of incorporation we find a section numbered 19. The act of 1915 repeals section 19, and substitutes in place thereof provisions which bear upon the same subject-matter as that embraced in section 19 of the act incorporating this city. This furnishes further description and identification of the act sought to be amended. So we reach the conclusion that the act of 1915 furnishes a sufficient, if not a full and complete, description of the act sought to be amended.

It is next urged that the act of 1915 violates art. 3, sec. 7, par. 8, of the constitution, which declares: " No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." Civil Code (1910), § 6437. It is urged that the matter dealt with in the body of this act is not even suggested by its title. The title of this act expressly declares that its purpose is to amend the charter of the City of Doerun. This is clearly broad enough

to refer to any change made in this charter in the body of the act. There is nothing in the body of the act different from what is embraced in the title. The body of the act amends the charter of the city by striking out one clause thereof and inserting in lieu thereof provisions on the same subject-matter dealt with in the section of the charter which is repealed. So this objection to the constitutionality of the act of 1915 is without merit.

The other objections to the validity of this tax execution are without merit; and the court did not err in refusing to grant the injunction prayed for by the plaintiff.

*Judgment affirmed. All the Justices concur.*