## BIGGERS *v.* HOME BUILDING AND LOAN ASSOCIATION
*et al.*

No. 10063. SEPTEMBER 15, 1934.

*M. B. Eubanks,* for plaintiff.

*Maddox, Matthews & Owens,* for defendant.

ATKINSON, J. Mrs. Katherine Biggers instituted an action against the Home Building and Loan Association, a corporation, and Lem Hall. The petition alleged substantially the following: Petitioner is the owner of and in possession by her tenants of described lots of land in Riverside addition to South Rome; she executed a warranty deed conveying the property to the defendant loan association to secure a debt of $1500, and containing a power of sale. She also subscribed for fifteen shares of the capital stock of the association of the par value of $100 per share. The debt was payable $15 a month. She paid on the debt approximately $300 principal, and fell behind with her payments until the debt was in default at least one year prior to June 1, 1933, on which date the association declared the entire debt due, and proceeded to advertise the property for sale on the first Tuesday (the 4th day) of July, 1933, a legal holiday. On that day the association offered the property for sale before the court-house door between 10 o'clock a. m. and 4 o'clock p. m. There being but one bid, the property was knocked off to the association for $1000; whereupon the association as attorney in fact executed a deed to itself. The pretended

sale was void, because (a) the advertisement under which it was made did not specify the amount of the debt, at the time of said creation thereof, or at the time default was made, or at the time of the sale; (b) the advertisement failed to set forth the improvements located on the property, consisting of buildings costing and worth at the time more than $2500; (c) the advertisement failed to state that the debt was further secured by said 15 shares of stock, and did not advertise the same for sale with the property; (d) the advertisement did not state or contain the nature or character of title to be executed to the purchaser; (e) the sale could not legally be made on July 4, 1933, a legal holiday and dies non juridicus, and because of that fact few people attended the sale, and no one bid except the association, and as a result the property worth at that time $5000 was knocked off to the association for $1000. The association has entered into a contract whereby it has agreed to sell all of the property to Lem Hall on an agreement to pay $100 cash and $25 per month. Petitioner is in possession of the property through her tenants and by having "a lot of her own property" stored on the premises. The association through its agent has demanded that she vacate the premises at once. The pretended sale was null and void for the reasons stated, and passed no title out of her; and therefore the association could not legally make a valid contract with Hall. The sale of the lands under said advertisement, and at the time, and at the amount stated amounted to a legal fraud upon petitioner. She prayed that the sale be set aside as null and void; for decree that the title to the property is in her, subject to the debt and security deed; for decree that any contract between the association and Hall in reference to a sale of the property is null and void; that the association and Hall be enjoined from interfering with petitioner's possession; that the association be required to credit all sums collected to date out of the tenants on the principal and interest of the debt, and that petitioner be given an opportunity to pay the remainder thereof; and for general relief.

The defendants demurred on the ground that the petition stated no cause of action, and on several specific grounds including that hereinafter shown. The plaintiff excepted to a judgment sustaining the demurrers and dismissing the action.

■ "He who would have equity must do equity and give effect

to all equitable rights in the other party respecting the subject-matter of the suit." Civil Code, § 4521; 21 C. J. 172 et seq.; 10 R. C. L. 392, § 141; Eaton's Equity, 67-68. Under application of this maxim, before a borrower who has executed a deed to secure a debt can have affirmative equitable relief such as the setting aside of a sale by the creditor under exercise of a power contained in a security deed, and injunction against the creditor and persons claiming under him, to prevent interference with the debtor's possession of the property, such debtor must pay or tender the creditor the principal and interest due. *Liles* v. *Bank of Camden County,* 151 *Ga.* 483 (107 S. E. 490), and cit.; *Brown* v. *Roughton,* 155 *Ga.* 828 (118 S. E. 557); *Farnell* v. *Brady,* 159 *Ga.* 209 (125 S. E. 57).

■ Applying to the pleadings the principles stated above, whether or not the sale was unlawful because conducted on a legal holiday (see Civil Code, § 4284; *Wood* v. *State,* 12 *Ga. App.* 651, 78 S. E. 140; *Hamer* v. *Sears,* 81 *Ga.* 288 (2), 6 S. E. 810; *Hayden* v. *Mitchell,* 103 *Ga.* 431, 440, 30 S. E. 287; *Southern Railway Co.* v. *Wallis,* 133 *Ga.* 553, 555, 66 S. E. 370, 30 L. R. A. (N. S.) 401, 18 Ann. Cas. 67; 29 C. J. 763, § 4), or for any other cause alleged in the petition, the judge did not err in dismissing the action on demurrer.

*Judgment affirmed. All the Justices concur.*