18693. SWINEY *et al. v.* CITY OF FOREST PARK.

HAWKINS, Justice. C. S. Swiney and Mario Moscardelli filed their petition for injunction against the City of Forest Park and its mayor and councilmen, alleging that the plaintiffs were residents of and property owners in a territory which was not included within the corporate limits of the city before the passage and approval of an act of the General Assembly of the State of Georgia passed at the 1953 Nov.-Dec. session thereof (Ga. L. 1953, Nov.-Dec. Sess., p. 3029 et seq.); and that this act enlarged the city limits so as to include the lands and homes of petitioners and make them liable for taxes and licenses for businesses conducted by

them in the territory added to the city by this act. It is alleged that this act, being a local or special act, is unconstitutional because the notice of intention to apply therefor, duly published and attached to the act, as follows: "N'otice of Legislation. An Act to amend an Act to create the City of Forest Park to provide for dividing the city into wards. To provide for a mayor and aldermen for said city to define their term and manner of election and compensation. To define said limits of said city, and for other purposes. Ed Kemp, E. A. Foster, Representatives," was insufficient to constitute the notice required by article III, section VII, paragraph XV of the Constitution of 1945 (Code, Ann., § 2-1915), because it did not say in what General Assembly of what State the bill was to be introduced, or that any bill was to be introduced in any legislative forum, and that the words in said notice, "To define said limits of said city, and for other purposes," were too vague and indefinite to put any person on notice that any territory was to be added to said city. To this petition the defendants interposed their demurrer, which was sustained by the trial judge, and to this judgment the plaintiffs except. *Held:*

1. While article III, section VII, paragraph XV of the Constitution of 1945 (Code, Ann., § 2-1915) provides that no local or special bill shall be passed by the General Assembly unless notice of intention to apply therefor shall be published and copy of such notice attached to and made a part of the bill, as therein required, and a failure to comply with these requirements of the Constitution renders such a local bill null and void (*Smith* v. *McMichael,* 203 *Ga.* 74, 45 S. E. 2d 431; *Cox* v. *City of Hapeville,* 203 *Ga.* 263, 46 S. E. 2d 122; *Smith* v. *City Council of Augusta,* 203 *Ga.* 511, 47 S. E. 2d 582; *Bergman* v. *Dutton,* 203 *Ga.* 672, 48 S. E. 2d 101), this court, in construing this constitutional provision, in *Walker Electrical Co.* v. *Walton,* 203 *Ga.* 246, 252 (46 S. E. 2d 184), said: "Under reasonable rules of construction, the Constitution of 1945 (art. 3, sec. 7, par. 15), requiring the publication of notice, does not require more information as to the law to be enacted than would be required in the caption of the bill itself." In *Tison* v. *City of Doerun,* 155 *Ga.* 367, 372 (116 S. E. 615), it is said: "The title of this act expressly declares that its purpose is to amend the charter of the City of Doerun. This is clearly broad enough to refer to any change made in this charter in ·the body of the act." In *Town of Poulan* v. *Atlantic Coast Line R. Co.,* 123 *Ga.* 605, 609 (4) (51 S. E. 657), in ruling on the sufficiency of the title of an act, it is held: "An act to amend an act incorporating a named town is sufficiently broad to cover any enactment germane to the general subject of incorporating a town"; and certainly defining, extending, restricting, or changing the corporate limits would be germane to the general subject of incorporating a municipality. See also *Sessions* v. *State,* 115 *Ga.* 18, 22 (41 S. E. 259); *Dallis* v. *Griffin,* 117 *Ga.* 408 (43 S. E. 758); *Richardson* v. *Mayor &c. of Macon,* 132 *Ga.* 122 (63 S. E. 790); *Branson* v. *Long,* 159 *Ga.* 288, 293 (125 S. E. 500); *White* v. *Donaldson,* 170 *Ga.* 432 (153 S. E. 19); *Green* v. *City of Atlanta,* 162 *Ga.* 641, 649 (135 S. E. 84). The contention that the notice was insufficient because it did not say in what General Assembly of what State any bill was to be introduced, or that any bill was to be introduced in any legislative forum, is without merit.

Such a notice as that here involved, signed by the duly elected representatives in the General Assembly of Georgia from the county in which the municipality is located, which proposes to amend the charter of a named Georgia municipality, would necessarily have reference to the General Assembly of Georgia, the only legislative body with power to amend the charter which it had granted, and which would be in session within 60 days from the date of the first publication, since the Constitution requires that such notice shall be published once a week for three weeks during a period of 60 days immediately preceding the introduction of the proposed legislation, and there is no contention here that the notice was not published as thus required. *Bracewell* v. *Warnock,* 208 *Ga.* 388, 391 (67 S. E. 2d 114). See also, in this connection, *Williams* v. *Buchanan & Bro.,* 75 *Ga.* 789; *Richmond & Danville R. Co.* v. *Benson & Co.,* 86 *Ga.* 203 (12 S. E. 357, 22 Am. St. R. 446); *American Bonding &c. Co.* v. *Adams,* 124 *Ga.* 510 (52 S. E. 622); *McNatt* v. *Citizens & Southern Bank,* 20 *Ga. App.* 755, 756 (93 S. E. 271).

2. The words "To define said limits of said city" as used in the notice here involved are sufficiently broad to include the extension or enlargement of the corporate limits. In State *v.* Hocker, 36 Fla. 358, 367 (18 So. 767), it is held that, "When already fixed and defined boundary lines are proposed by a new measure 'to be defined,' it is tantamount to saying that lines already defined will be redefined, changed, altered, and a new definition and fixing thereof established, different from the old." In 11 Words and Phrases (Perm. ed.), 597, 598, it is said: "The word 'define' may be, and frequently is, used in the sense of merely to make clear and certain what was before uncertain, ambiguous, or indefinite; but in legislation it is frequently used in the creation, enlarging, and extending the powers and duties of boards and officers, in defining certain offenses and providing punishment, and thus enlarging and extending the scope of the law, and it has this meaning when applied to the title of an act to define boundaries of a city." See also People *v.* Bradley, 36 Mich. 447, 452; 26 C. J. S. 678.

3. Under the foregoing authorities, the notice of intention to apply for local legislation was sufficiently definite and comprehensive to meet the requirements of article III, section VII, paragraph XV of the Constitution of 1945 (Code, Ann., § 2-1915), and the trial judge did not err in sustaining the general demurrer and dismissing the plaintiffs' petition.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED SEPTEMBER 13, 1954—DECIDED OCTOBER 11, 1954—
REHEARING DENIED NOVEMBER 10, 1954.

*William H. Reynolds,* for plaintiffs in error.

*Reeves, Boyd & Callaway, Rex T. Reeves,* contra.