19920. PANLOS *et al.* v. STEPHENSON *et al.*

CANDLER, Justice. In their own behalf and in behalf of all others similarly situated, the plaintiffs brought a suit for injunctive relief in the Superior Court of Fulton County against the defendants in their respective official capacity as Mayor and Councilmen of the City of College Park. The petition alleges that the plaintiffs reside in and are property owners of a described area which the General Assembly purportedly annexed to the incorporated territory of the City of College Park by an act passed at its regular session in 1957 (Ga. L. 1957, p. 2883); and that the defendants are, pursuant to the provisions of the aforesaid act, undertaking to enforce various acts of municipal control over them and their property. It is also alleged in the petition that the act of 1957 is null and void, and therefore unenforceable, because it offends enumerated provisions of Georgia's Constitution of 1945. The petition was dismissed on general demurrer, and the exception is to that judgment. *Held:*

1. There is no merit in the contention that the act of 1957 which amended the charter of the City of College Park by extending its corporate limits is unconstitutional, and therefore null and void, because it violates that part of art. 3, sec. 7, par. 8 of the

Constitution of 1945 (Code, Ann., § 2-1908), which provides that the General Assembly shall pass no law containing matter different from what is expressed in the title thereof. The title or caption of the act reads: "An Act to amend an Act establishing a new charter for the City of College Park, approved December 16, 1895, entitled 'An Act to repeal all laws and amendments to laws heretofore passed incorporating the City of Manchester, to provide for incorporating said city under the name of College Park, to prescribe its limits, extending them so as to take in a strip of land in Clayton County, to provide for a mayor and councilmen, prescribe their powers and duties, and for other purposes', and the several acts amendatory thereof, and for other purposes." In *Tison* v. *City of Doerun*, 155 *Ga.* 367, 372 (116 S. E. 615), it was said: "The title of this act expressly declares that its purpose is to amend the charter of the City of Doerun. This is clearly broad enough to refer to any change made in this charter in the body of the act." And in *Town of Poulan* v. *Atlantic Coast Line R. Co.*, 123 *Ga.* 605, 609 (51 S. E. 657), in ruling on the sufficiency of the title of an act, it was held: "An act to amend an act incorporating a named town is sufficiently broad to cover an enactment germane to the general subject of incorporating a town." For like rulings, see *Swiney* v. *City of Forest Park*, 211 *Ga.* 154 (84 S. E. 2d 573), and the cases there cited. Undoubtedly extending the corporate limits of a town or city by an amendment to its charter would be and is a matter germane to the general subject of incorporating a municipality.

2. The act here involved is, of course, a local or special one, and article 3, section 7, paragraph 15 of the Constitution of 1945 (Code, Ann., § 2-1915) provides that "No local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the newspaper in which the Sheriff's advertisements for the locality affected are published, once a week for three weeks during a period of sixty days immediately preceding its introduction into the General Assembly." This article, section, and paragraph of the Constitution also provides that no local or special bill shall become law unless it has attached thereto and made a part of it a copy of the notice given and unless publication of it as required by the Constitution is established in the manner and way prescribed by the Constitution. In this case the plaintiffs

contend that the notice which the city gave of its intention to apply to the General Assembly for passage of this local or special act, though duly published for the required time, was insufficient to apprise them and other affected persons of the territory to be annexed to the corporate area of the city. There is likewise no merit in this contention. This same provision of the Constitution was construed in *Walker Electrical Co.* v. *Walton*, 203 *Ga.* 246, 252 (46 S. E. 2d 184), and it was there held: "Under reasonable rules of construction, the Constitution of 1945 (art. 3, sec. 7, par. 15), requiring the publication of notice, does not require more information as to the law to be enacted than would be required in the caption of the bill itself." Having held in the preceding division that the title or caption of the attacked act sufficiently referred to all matters contained in the body thereof, it necessarily follows that the notice given and published preliminary to the introduction and passage of the act was sufficient.

3. Since the plaintiffs predicate their right to the injunctive relief sought solely on the contention that the local or special act of 1957, which annexed additional territory to the incorporated area of the City of College Park, is unconstitutional for the two reasons dealt with, the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 15, 1958—DECIDED FEBRUARY 10, 1958.

*Sidney T. Schell, Wendell J. Helton,* for plaintiffs in error. *Henry G. Crawford,* contra.