20933.   PARKER *et al.* v. MAYOR &c. of SAVANNAH.

SUBMITTED JUNE 13, 1960—DECIDED JULY 7, 1960.

*Crawford, Leeb & Calhoun,* for plaintiffs in error.

*Oliver, Davis & Maner, Edwin Maner, Jr.,* contra.

MOBLEY, Justice. 1. The court's order sustaining the defendant's motion to dismiss recites: "When the case was sounded on the calendar, both parties announced ready, and simultaneously therewith the defendant filed with the clerk a pleading entitled 'Answer and Motion to Dismiss,' whereupon the plaintiffs moved to dismiss it because it was not filed within thirty days after a service of the petition which was had on the defendant on the 24th day of February 1960. Though the court suggested that the defendant pay the costs as the paper was filed within the additional fifteen days' period permitted by Code [Ann.] § 110-401, defendant elected to have the pleading treated as a motion to dismiss, whereupon the court ruled that the first two paragraphs in the pleading, which categorically admitted or denied all the paragraphs in the petition, be disregarded and that the pleading be treated only as a motion to dismiss in the nature of a general demurrer.

"The petition attacks on the constitutional grounds only the act of the General Assembly known as House Bill No. 990, extending the corporate limits of the City of Savannah. (See Georgia Laws, 1960, vol. 2, pages 2213-2220). The matter is before the court, therefore, only on questions of law as if only a general demurrer had been filed. There being no denial of any of the allegations of the petition, all well pleaded allegations are taken as true for the purpose of the motion. The court will take up the attacks seriatim as made in the petition."

There is no merit in the contention of the plaintiff in error that the court erred in considering the pleading of the defendant, with that part denying the allegations disregarded, as a motion to dismiss in the nature of a general demurrer.

The pleading was styled as an answer and motion to dismiss the petition. The part treated by the court as a motion to dismiss was on the ground that none of the allegations of the petition attacking the constitutionality of the act was a valid attack, that the act was constitutional, and that the legislature

and not the City of Savannah had incorporated the territory in question in the city limits of Savannah. Code. § 81-302 provides: "All defects which appear on the face of the pleadings may be taken advantage of by motion." Where a petition is fatally defective because it fails to set forth a cause of action, it may be attacked by oral motion to dismiss at any time before verdict. *Kelly v. Strouse,* 116 Ga. 872 (1a, 5a) (43 S. E. 280); *Dingfelder v. Georgia Peach Growers Exchange,* 184 Ga. 569 (1) (192 S. E. 188).

Since this motion to dismiss was in the nature of a general demurrer, the court did not err in treating it as such. This court in division 2 of *Gibbs v. Forrester,* 204 Ga. 545 (50 S. E. 2d 318), where the demurrer and answer were not filed within the required time, and were stricken by the trial court because not timely filed and the case was marked in default, held that the court properly entertained an oral motion to dismiss in the nature of a general demurrer, sustained the motion, and dismissed the petition. While the cases cited by counsel and those which we have found are cases in which the motions to dismiss the petition because it failed to state a cause of action, thereby barring recovery thereon, were oral, Code § 81-302 states that defects appearing on the face of the petition may be taken advantage of by motion. An oral motion to dismiss for failure of the petition to state a cause of action may be made at any time before verdict; the same motion made in writing would be equally good.

2. (a) Under an act of the General Assembly approved by the Governor on February 16, 1943, as amended by an act approved February 2, 1945 (Ga. L. 1943, p. 331, as amended by Ga. L. 1945, p. 123; Code, Ann., §§ 14-1809, 14-1810), the first day of January and other named days are declared to be and are made public and legal holidays; but only Sunday is made a religious holiday. While January 1 is a legal holiday under this statute, it is not *dies non juridicus* (a nonjudicial day).

The plaintiffs in error contend that House Bill 990 violates art. 3, sec 7, par. 15 of the Constitution of Georgia (Code, Ann., § 2-1915), for the reason that the intention to apply for such legislation was not advertised in the newspaper in

which sheriff's advertisements are published once a week for three weeks as required, because the first advertisement is void since it appeared on a legal holiday, January 1, 1960, and because there were only two other such advertisements, those which appeared on January 8, and January 15, 1960.

The advertisement which appeared on January 1, 1960, a legal holiday, was valid; and, accordingly, House Bill 990 was properly advertised as required by the Constitution. See *Hamer v. Sears*, 81 Ga. 288 (2) (6 S. E. 810); *Biggers v. Home Building & Loan Assn.*, 179 Ga. 429, 431 (2) (176 S. E. 38); *Wood v. State*, 12 Ga. App. 651 (2) (78 S. E. 140). The case of *Gay v. Laurens County*, 213 Ga. 518 (1) (100 S. E. 2d 271), is distinguishable since there the publication was on a Sunday. Sunday, a religious holiday, is *dies non juridicus*. *Sawyer v. Cargile*, 72 Ga. 290; *Hayden v. Mitchell*, 103 Ga. 431 (30 S. E. 287); *Chafin v. Tumlin*, 20 Ga. App. 433 (2) (93 S. E. 50).

(b) The notice specifying intention to introduce legislation "to change the corporate limits of The Mayor and Aldermen of The City of Savannah . . . to otherwise amend the laws constituting the charter of The Mayor and Aldermen of The City of Savannah and for other purposes," complies with the provisions of art. 3, sec. 7, par. 15 of the Constitution of Georgia (Code, Ann., § 2-1915), requiring that no local or special bill shall be passed by the General Assembly unless notice of intention to apply therefor is given as provided therein. This court, construing this constitutional provision in *Walker Electrical Co. v. Walton*, 203 Ga. 246, 252 (46 S. E. 2d 184), held: "Under reasonable rules of construction, the Constitution of 1945 (art. 3, sec. 7, par. 15), requiring the publication of notice, does not require more information as to the law to be enacted than would be required in the caption of the bill itself." In *Tison v. City of Doerun*, 155 Ga. 367, 372 (116 S. E. 615), it is said: "The title of this act expressly declares that its purpose is to amend the charter of the City of Doerun. This is clearly broad enough to refer to any change made in this charter in the body of the act." See also *Swiney v. City of Forest Park*, 211 Ga. 154, 155 (1) (84 S. E. 2d 573), and *Panlos v. Stephenson*, 213 Ga. 816 (1) (102 S. E. 2d 165).

3. The plaintiffs allege that the act violates art. 3, sec. 7, par. 8 of the Constitution of Georgia (Code, Ann., § 2-1908), in that it contains matter different from what is expressed in the title. The title of the act is: "An Act to amend the several acts relating to and incorporating the Mayor and Aldermen of The City of Savannah, to extend the corporate limits of the City of Savannah and for other purposes." Any legislation could constitutionally be embodied in the act which was germane to the general subject of amending the charter of the city. *Mayor &c. of Macon v. Hughes,* 110 Ga. 795 (1) (36 S. E. 247). See also *Board of Education &c. for Bibb County v. State Board of Education,* 186 Ga. 200, 205 (197 S. E. 261).

Sections 2, 3, and 4 of the act provide for credits to those who have had installed within the annexed area sanitary and storm sewer facilities and water lines, who have not agreed to sell to the city; and sections 5, 6, and 7 deal with taxation prior to January 1, 1961, charges for water and sewer service, the effective date of taxation, and the assessment of property for taxation. There is no merit in the plaintiffs' contention that the foregoing provisions are not germane to the annexation of territory by the city.

Furthermore, the plaintiffs are not in position to attack sections 2, 3, and 4, since they do not allege that they have installed or furnished any of the facilities dealt with in these sections. "Before a statute can be attacked by anyone on the ground of its unconstitutionality, he must show that its enforcement is an infringement upon his right of person or property, and that such infringement results from the unconstitutional feature of the statute upon which he bases his attack." *South Georgia Natural Gas Co. v. Georgia Public Service Commission,* 214 Ga. 174, 175 (1) (104 S. E. 2d 97).

4. The petition alleges that section 6 of the act violates art. 7, sec. 1, par. 3 of the Constitution of Georgia (Code, Ann., § 2-5403), which provides that "All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax," and the fourteenth amendment to the Constitution of the United States (Code § 1-815), on

the ground that it attempts to grant certain exemptions to certain property. Section 6 provides that, until sanitary-sewer services are available to the real property incorporated in the city, that property shall be exempt from stated amounts of ad-valorem tax for each service not provided, and as the services are provided the ad valorem tax shall be added. This section does not injure the plaintiffs if they are entitled to the millage credit provided; and, if they are not entitled to the tax credit, they pay taxes equally with other taxpayers receiving like services. See *White v. Mayor &c. of Forsyth,* 138 Ga. 753, 756 (7, 9) (76 S. E. 58). This ground is without merit.

5. The constitutional attacks on the act made in paragraphs 7 and 8 of the petition are predicated on the unconstitutionality of the act alleged in paragraph 6; and, since we have held in division 4, supra, that the act is not unconstitutional for the reasons alleged in paragraph 6, the complaints made in paragraphs 7 and 8 are without merit.

6. The plaintiffs do not allege that section 9 of the act, the constitutionality of which they attack, would adversely affect them or injuriously affect them; for they do not allege that they have school children using transportation to and from school. Accordingly, no valid constitutional attack is made on section 9. The court will not pronounce a statute unconstitutional because it may impair the rights of others not complaining. *Reid v. Mayor &c. of Eatonton,* 80 Ga. 755, 757 (1) (6 S. E. 602); *South Georgia Natural Gas Co. v. Georgia Public Service Commission,* 214 Ga. 174, 175 (1), supra.

7. The judgment of the trial court sustaining the motion to dismiss and dismissing the petition was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*