## 21144. MOORE v. DEARING.

ARGUED JANUARY 9, 1961—DECIDED FEBRUARY 9, 1961.

*Kemp & Watson, John L. Watson, Jr.,* for plaintiff in error.
*Christopher & Futral, Claude Christopher,* contra.

GRICE, Justice. The will of Mrs. C. E. Moore was offered, by Mrs. Mary Emma Dearing who was named executrix therein, for probate in solemn form on August 2, 1960, in the Court of Ordinary of Spalding County, Georgia. The required probate procedure having been complied with, this instrument, pursuant to citation naming Monday, September 5, 1960, was probated in solemn form on that date, and also on said date the court of ordinary entered an order admitting the will to record. On Tuesday, September 6, 1960, A. P. Moore filed a caveat to Mrs. Dearing's application to probate, and on the same day the court of ordinary entered an order denying the caveat. On September 8, 1960, the caveator entered an appeal to the Superior Court of Spalding County. To that appeal the executrix made a motion to dismiss on the ground that, since the will was probated on Monday, September 5, and the caveat not filed until Tuesday, September 6, the caveator was not a party to the probate proceeding and thus could not appeal. Thereupon, the superior court, on November 4, 1960, dismissed the appeal. The caveator in his bill of exceptions assigned error on this ruling.

The controlling question here is whether the court of ordinary's probate of the will on September 5, 1960, was valid or void, in view of that day being a public and legal holiday in this State, known as Labor Day. The outcome of the appeal, based on the

caveat filed the day after the Labor Day probate, hinges on the answer to that question.

The plaintiff in error (caveator) in opposition to the position of the defendant in error as successfully advanced in her motion to dismiss, contends that his caveat was seasonably filed on September 6, since *Code Ann.* § 14-1809 and *Code Ann.* § 24-2104 prevent probate action being taken on September 5, it being a holiday and thus dies non juridicus, a day on which courts are not open for business. These two Codal provisions, with the attack based on each, will be dealt with in the order of their recital above.

■ *Code Ann.* § 14-1809 does not make the Labor Day probate invalid. That section provides: "Public and legal holidays designated.—The following days are declared to be public and legal holidays in Georgia: . . . the first Monday in September, known as Labor Day . . . "

While the above Code section establishes the date involved here as a public and legal holiday, it does not by its terms declare Labor Day dies non juridicus. Neither does any other statute of force in Georgia. While no reported decision of the courts of this State deals with Labor Day in this connection, there are those treating other holidays which are established by this same Code section. For instance, as to the 4th of July, this court has held: "There is no statute of this State that inhibits the courts from sitting on the 4th of July, if it fall not on Sunday, or which prevents the court from rendering judgment on that day . . . but nowhere are the courts prohibited from meeting and transacting business on that day." *Hamer v. Sears,* 81 Ga. 288 (6 S. E. 810). As to January 1 (New Year's Day), this court has recently ruled that advertisement of intention to apply for local legislation was valid, although the first instalment appeared on that day, a legal holiday, but not made dies non juridicus. *Parker v. Mayor &c. of Savannah,* 216 Ga. 210 (115 S. E. 2d 555). Likewise, the Court of Appeals has upheld such acts done on holidays and has also put it squarely upon failure of the statute to declare the particular holiday dies non juridicus: July 4th, in *Wood v. State,* 12 Ga. App. 651 (78 S. E. 140); and Armistice Day, in *Freeman v. Beneficial Loan Society of Macon,* 42 Ga. App. 294 (155 S. E. 786).

That the foregoing Georgia rule accords with the one prevailing generally, is manifest from 50 Am. Jur. 861, Sundays and Holidays, § 77, and 40 C.J.S. 413, Holidays, § 5.

■ Nor does *Code Ann.* § 24-2104 make the Labor Day probate invalid. That section states: "When business may be transacted with ordinary.—This office shall be open for the transaction of all business at all times, except Sundays and holidays and the ordinary of each county may close his office at 12 o'clock noon on not more than one day in each week, Sundays excluded; but no will shall be admitted to record, or letters testamentary, of administration or any order for the sale of real estate, shall be granted, except at a regular term of said court."

The section quoted immediately above, § 24-2104, provides for the office hours of the ordinary. Nowhere does it declare that the ordinary shall *not* keep his office open on holidays. Instead, it merely requires that he keep it open each day of the week, "except Sundays and holidays," and permits him to close at noon on one other day.

Codified at the same time, from the same 1851-2 act, and placed nearby in the various Codes to date, is *Code Ann.* § 24-2101, which provides: "When and where held.—The courts of ordinary shall be held at the place prescribed for the superior court or in the office of the ordinary in each county, by the ordinary thereof, on the first Monday in each month, and continue in session from day to day as the business of the court may require." This section thus specifies the time and place for holding the court of ordinary. As to this, it declares that the courts *shall* be held on the *first Monday in each month*. It is thus mandatory that the court of ordinary at least be convened on all first Mondays. If the other section, § 24-2104, relied on in the attack here, were to be construed to prohibit probate of a will on the first Monday in September because that date happened to be a holiday, such construction would collide with and destroy § 24-2101, quoted and discussed above. However, they may be, and should be, construed together because they are in harmony.

Ever since the enactment of the 1851-2 predecessor to § 24-2101, there has existed the practice of probating wills on the "first

Monday." For more than a century people of this State have been cited to appear for this purpose on that day, whether the particular first Monday was the occasion of good or bad times, war or peace, holiday or regular day. It has long been the day for executors named in testamentary documents dutifully to proceed to the court of ordinary for it to probate the will in solemn form. This practice has become a tradition in each of the counties of this State. There is nothing in § 24-2104 or any other statute which militates to the contrary.

■ Having held that the probate on Monday, September 5, 1960, was valid, it necessarily follows that the filing of the plaintiff in error's caveat on Tuesday, September 6, 1960, was too late, and therefore the plaintiff in error was not a party to the probate proceedings. Accordingly, he could not effect an appeal to the superior court. The judgment of dismissal was correct and it is hereby

*Affirmed. All the Justices concur.*